In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-3154

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

WILLIAM A. MARTIN,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 3:11CR30206-GPM—**G. Patrick Murphy**, *Judge.*

ARGUED JANUARY 30, 2013—DECIDED MAY 28, 2013

Before MANION, ROVNER, and WOOD, *Circuit Judges.*

PER CURIAM. William Martin appeals his 10-year sentence for possession of child pornography. Because the district court did not address two of Martin's arguments in mitigation, we vacate his sentence and remand for resentencing.

In July 2010, an undercover officer discovered that Martin had made available on a file-sharing network nine images and videos depicting child pornography. A

search of the home Martin shared with his mother uncovered hundreds more images and several videos of child pornography on two computers in Martin's bedroom.

Martin pleaded guilty to possessing child pornography. 18 U.S.C. § 2252(a)(4)(B). The probation officer who prepared the presentence report ("PSR") calculated Martin's total offense level at 30: his base offense level was 18, U.S.S.G. § 2G2.2(a)(1), and he received a 2-level upward adjustment because some of the material involved prepubescent children, *id.* § 2G2.2(b)(2), another 2-level upward adjustment because Martin had distributed images via a file-sharing network, *id.* § 2G2.2(b)(3)(F), a 4-level increase because some of the material was violent in nature, *id.* § 2G2.2(b)(4), a 2-level increase because he used a computer, *id.* § 2G2.2(b)(6), a 5-level increase because he possessed more than 600 images, *id.* § 2G2.2(b)(7)(D), and a 3-level decrease because he accepted responsibility, *id.* § 3E1.1. Combined with Martin's category III criminal history, the guidelines yielded an imprisonment range of 121 to 151 months. Given the ten-year statutory maximum sentence, however, Martin's effective guidelines range was 120 months. 18 U.S.C. § 2252(b)(2); U.S.S.G. § 5G1.1(c)(1).

The PSR also described significant mental-health issues, noting that Martin had been diagnosed with major depressive disorder, dysthymia, alcohol and marijuana dependency, and polysubstance abuse, and had received a "possible, but doubtful" diagnosis of bipolar disorder. According to the PSR, Martin had also engaged in self-mutilation as a youth, had been hospital-

ized for mood disorders, and had attempted suicide several times, most recently about one year before the report was written. Martin, the PSR noted, was not receiving medication or treatment at the time of his arrest because he could not afford it.

Martin did not object to the PSR calculations, but he argued that he should receive a below-guidelines sentence for several reasons. First, he argued that his mental-health issues warranted a lower sentence because his behavior could be managed through treatment. In support of this argument, he pointed out that he had recently begun mental-health and substance-abuse treatment and had earned his GED and completed a cognitive-skills program and a work program. He argued, too, that the child-pornography guidelines produce sentences longer than necessary to serve the goals of sentencing in cases of mere possession, and he presented articles and studies to this effect. He further contended that given the wide availability of child pornography, his offense resulted in little incremental harm to the children depicted in the material he possessed. And due to a trend toward below-guidelines sentences in child-pornography cases, Martin urged that a shorter sentence was necessary to avoid unwarranted disparities.

The district court adopted the probation officer's guidelines calculations and sentenced Martin to 120 months' imprisonment. In explaining this sentence, the court noted that it did not place much weight on deterrence given its view that child-pornography offenders were

undeterrable because they "are not rational thinkers in the first place." Nevertheless, the court went on to highlight "specific deterrence," along with the seriousness of the offense and the need to protect the public, as justifying its sentence.

On appeal, Martin argues that his sentence is procedurally unreasonable because the district court ignored his principal arguments that (1) a lengthy sentence was unnecessary because his personal characteristics indicate a low likelihood of recidivism, (2) the child-pornography guidelines produce excessive sentences in child-pornography possession cases, (3) his contribution to the total harm of child pornography was negligible, and (4) a shorter sentence was necessary to avoid disparities created by the trend toward below-guidelines sentences for child-pornography defendants.

At sentencing, a district court must consider a defendant's principal, nonfrivolous arguments for lenience. *See United States v. Chapman*, 694 F.3d 908, 913-14 (7th Cir. 2012). We have therefore ordered resentencing when a district court either passes over a colorable argument in silence, *see United States v. Robertson*, 662 F.3d 871, 879-80 (7th Cir. 2011); *United States v. Villegas-Miranda*, 579 F.3d 798, 801-02 (7th Cir. 2009); *United States v. Cunningham*, 429 F.3d 673, 679 (7th Cir. 2005), or when its discussion is so cursory that we cannot discern its reasons for rejecting the argument, *see United States v. Schroeder*, 536 F.3d 746, 755-56 (7th Cir. 2008); *United States v. Miranda*, 505 F.3d 785, 792-93, 796 (7th Cir. 2007).

Here, the district court's failure to address Martin's arguments regarding his likelihood of recidivism—

particularly in regard to his mental-health issues—warrants remand. Martin's lengthy and serious mental-health history was detailed in the PSR, which also noted that Martin had made significant progress since receiving treatment for his depression. The district court was not required to accept Martin's argument that treatment of his mental-health issues would reduce his likelihood of reoffending, but Martin's position was not so lacking in merit as to warrant no response. *See United States v. Vidal*, 705 F.3d 742, 744-45 (7th Cir. 2013) (remanding for resentencing where district court failed to address defendant's argument that treatment of mental-health issues would render him unlikely to reoffend); *Miranda*, 505 F.3d at 793 (same). And the district court's general acknowledgment that Martin had a "very, very difficult life," which was "not going to get any better" does not satisfy us that the judge appreciated that Martin was seriously ill or considered that his poor judgment might improve with treatment.

The district court also should have addressed Martin's argument that the child-pornography guidelines do not approximate the goals of sentencing when applied to defendants convicted only of possession who have no history of contact offenses. In his sentencing memorandum, Martin cited studies for the general propositions that "child pornography possession offenses are not particularly difficult to deter" and that "child pornography offenders 'do not represent a high risk of recidivism.'" In light of these citations, the district court's statement that it had "not seen anything yet that

suggests that there's adequate treatment for that" leaves us doubtful that the court considered Martin's argument. And although we have held that it is harmless error for a district court to pass over a nonfrivolous argument that a sentencing guideline is invalid, *see United States v. Aguilar-Huerta*, 576 F.3d 365, 367-68 (7th Cir. 2009) (noting that validity is an issue of law and the argument can be made on appeal), Martin did not argue that the child-pornography guidelines should *never* be applied. Rather, he argued that they produce disproportionately long sentences for child-pornography possessors, like himself, with no history of contact offenses. *Cf. id.* ("[W]e do not think a judge is required to consider, not a nonfrivolous argument that a guideline produces an unsound sentence in the particular circumstances of the case, but an argument that a guideline is unworthy of application in any case because it was promulgated without adequate deliberation.").

For completeness, we briefly address Martin's remaining procedural arguments. First, the district court sufficiently explained its reasons for rejecting Martin's contention that he contributed only minimally to the total harms of child pornography. Although the court did not explicitly state that it was responding to an argument by Martin, the court discussed the seriousness of his offense, highlighting the profound consequences on the children involved and the fact that "society has decided to punish that crime severely" in explaining its decision not to impose a below-guidelines sentence. In context, we construe these remarks as a rejection of Martin's attempt to minimize the seriousness of his

offense. *See Schroeder*, 536 F.3d at 755; *Miranda*, 505 F.3d at 792.

Nor did the district court err in declining to address Martin's argument that a below-guidelines sentence would be necessary to avoid unwarranted sentencing disparities. This argument is squarely foreclosed by our holding that "[a] sentence within a properly ascertained range . . . cannot be treated as unreasonable by reference to [§] 3553(a)(6)." *United States v. Matthews*, 701 F.3d 1199, 1205 (7th Cir. 2012) (quoting *United States v. Boscarino*, 437 F.3d 634, 638 (7th Cir. 2006)), and could therefore be passed over in silence. *See Cunningham*, 429 F.3d at 678.

Martin also argues that the district court committed procedural error by sentencing him on the basis of speculation that child-pornography offenders are irrational and undeterrable. But although we have held that a district court's unfounded speculation that sex offenders are not deterrable may necessitate remand, *see United States v. Miller*, 601 F.3d 734, 739-40 (7th Cir. 2010), we have done so only where the court imposed an above-guidelines sentence for purposes of deterrence. *See United States v. Reibel*, 688 F.3d 868, 872 (7th Cir. 2012) ("[I]mportantly, Reibel received a presumptively reasonable within-Guidelines sentence . . . whereas the defendant in *Miller* was given an above-Guidelines sentence requiring special justification."). Moreover, although the district court expressed skepticism that sex offenders can be deterred, it seemed to have in mind general deterrence only, given its later statement that "the seriousness of the offense *and the question of specific*

*deterrence* is all that's at work" in its choice of sentence. And finally, the court suggested that its views on the efficacy of deterrence did not result in a longer sentence, explaining that it did not mean to suggest that "there's recidivism beyond what's accounted for in the guidelines."

Accordingly, we VACATE Martin's sentence and REMAND for resentencing.