NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 9, 2013
Decided December 4, 2013

**Before**

DIANE P. WOOD, *Chief Judge*

MICHAEL S. KANNE, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 13-1428

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, <br><br> *v.* <br><br> GERARDO TORRES, *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 09 CR 669-12 <br><br> James B. Zagel, *Judge*. |

### O R D E R

Gerardo Torres challenges his below-guidelines sentence, arguing that the district court failed to address his principal arguments in mitigation. We affirm.

Torres was indicted along with sixteen other members of the Flores Drug Trafficking Organization for conspiring to distribute more than five kilograms of cocaine and one kilogram of heroin, *see* 21 U.S.C. §§ 846, 841(a)(1). The conspirators smuggled the drugs over the Mexican border and brought them to the greater Chicago

area, where the conspiracy was responsible for a significant amount of the cocaine in the Chicago region. Torres was specifically responsible for unloading cocaine shipments, delivering cocaine to the conspiracy's numerous Chicagoland storage locations and to customers, and collecting money to complete transactions. Although his involvement in the conspiracy did not last a long period of time, it was intense: in the five months Torres participated in the conspiracy he delivered more than $3,000,000 in drug proceeds, and handled at least 150 kilograms of cocaine. Torres ultimately pleaded guilty to one count of conspiracy to possess cocaine with intent to distribute it.

Torres does not contest the guidelines imprisonment range of 135 to 168 months recommended for his offense. (The district court determined he was eligible for the safety-valve exception to the statutory minimum.) Torres argued in the district court that a below-guidelines sentence was all that was necessary to provide just punishment. He emphasized that he had "for all practical purposes, no risk of recidivism," that his involvement in the drug conspiracy was "a deviation from an otherwise law abiding life," and that he had voluntarily rehabilitated himself following his arrest (mainly by resuming legitimate employment and pursuing new educational training in anticipation of a career change). The government recommended a within-guidelines sentence, highlighting the fact that Torres handled both money and drugs for the conspiracy—a broader role than most of his co-conspirators—and that drug trafficking is a serious crime that devastates communities.

The district judge imposed a sentence of 110 months, 25 months below the low end of the guidelines range. In pronouncing his ruling, the judge referred to the sentences already meted out to seven of Torres's co-conspirators, contrasting Torres's circumstances specifically with Carlos Hishmeh, a driver who withdrew from the conspiracy; and Daniel Torres, a cousin who recruited Gerardo to the conspiracy. With respect to Hishmeh, whose guidelines range was identical to Torres's, but who was sentenced to only 48 months, the court emphasized that Hishmeh, unlike Torres, was a low-level player in the conspiracy who withdrew from the conspiracy and subsequently cooperated. With respect to Daniel Torres, who was sentenced well below his guidelines range of 212 to 262 months for his role in the conspiracy (which role significantly exceeded Gerardo's), the judge focused on Daniel's willingness to plead guilty quickly, in contrast to Gerardo's decision to hold out for two-and-a-half years before pleading guilty. Daniel Torres also had a cooperation agreement with the government.

Torres argues on appeal that the district court failed to consider the mitigating arguments he raised below, arguments which he believes establish that his sentence is greater than necessary to serve the purposes of sentencing. *See* 18 U.S.C. § 3553(a). A sentencing court must address a defendant's principal arguments in mitigation unless those arguments are frivolous. *United States v. Garcia-Segura*, 717 F.3d 566, 568 (7th Cir. 2013); *see also United States v. Martin*, 718 F.3d 684, 687 (7th Cir. 2013) (remand necessary when sentencing court failed to consider argument regarding recidivism). But so long as the record reveals that the sentencing judge addressed a defendant's mitigating arguments, the judge has discretion to weigh the factors in whatever manner he wishes, so long as a reasonable justification is provided. *See United States v. Annoreno*, 713 F.3d 352, 360–61 (7th Cir. 2013); *United States v. Trujillo-Castillon*, 692 F.3d 575, 578 (7th Cir. 2012).

Torres first argues that the district court did not properly consider his low risk of recidivism. In the first place, Torres's argument presumes that future contact with Daniel Torres will be severely limited by Daniel's incarceration for the next decade. But the judge did consider Daniel's influence on Gerardo's behavior: " . . . the relative culpability of Daniel Torres . . . matters not simply as a raw comparison, it matters because, to some extent, Daniel Torres is the reason [Gerardo Torres] is here today. He didn't do it alone, and that's in his favor, in the favor of this defendant . . . ."

Torres further argues that the district court failed to consider that his risk of recidivism is substantially reduced by, among other things, his acceptance of responsibility. But the record reflects the district court's consideration of this argument. Gerardo had argued in the district court that "[t]he combination of Daniel Torres serving a fairly lengthy sentence, together with defendant TORRES' personal characteristics, . . . and his acceptance of responsibility for his offense, all bode well for Mr. Gerardo TORRES and point towards a law-abiding and productive future." (footnotes omitted). The court's conclusion that "Daniel Torres is the reason [Gerardo Torres] is here today" implicitly recognizes that Gerardo's personal characteristics and his acceptance of responsibility are in Gerardo's favor—and suggest a reduced risk of recidivism. The judge also considered the reduced-risk-of recidivism argument by comparing Gerardo's situation to those of Daniel Torres and Carlos Hishmeh, emphasizing factors related directly to the crime itself, such as Gerardo's role in the conspiracy, and, particularly, how he was more involved than Hishmeh but less than Daniel. Gerardo's acceptance of responsibility encompasses acceptance of his role in the conspiracy; a greater role supports a lengthier sentence even with acceptance of responsibility. The judge further considered that although Daniel's criminal record was

worse than Gerardo's, Daniel's early cooperation in the investigation resulted in a substantially lower sentence than he would have otherwise received, a benefit that was not available to Gerardo.

Torres next argues that the district court failed to consider his history and characteristics, *see* 18 U.S.C. § 3553(a)(1), and specifically that his participation in this conspiracy was "a significant deviation from an otherwise law-abiding life." This was a stock argument—the kind of run-of-the-mill argument that sentencing judges see regularly—which the court was entitled to reject without comment. *See United States v. Grigsby*, 692 F.3d 778, 791–92 (7th Cir. 2012); *United States v. Tahzib*, 513 F.3d 692, 695 (7th Cir. 2008). Even so, Torres's argument is not well-taken, because the judge recognized that Torres's conduct was aberrant, in that it resulted from Daniel Torres's influence: the judge justified the below-guidelines sentence by acknowledging "the dynamics of this offense . . . and particularly what happened with Daniel Torres."

Finally, Torres argues that the district court failed to acknowledge that he has rehabilitated himself since his arrest. Torres apparently believes that adhering to the terms of his release order while living near the border of Mexico constituted extraordinary effort on his part to better himself. It does not: rehabilitation requires something more than following the rules. *Cf. United States v. Robertson*, 662 F.3d 871, 878–79 (7th Cir. 2011) (evidence of rehabilitative efforts including gainful employment, raising three children, and taking an active role in preventing crime in the neighborhood warranted consideration). Torres's success in finding gainful employment is to his credit, but was not so unusual a circumstance that the district judge was required to discuss it at length, or to weigh it heavily in his favor. *See United States v. Gary*, 613 F.3d 706, 711 (7th Cir. 2010).

To the extent that Torres's arguments may be read as a challenge to the substantive reasonableness of his sentence, he has not presented us with anything that rebuts the presumption of reasonableness afforded below-guidelines sentences. *United States v. Klug*, 670 F.3d 797, 800 (7th Cir. 2012).

AFFIRMED.