NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 17, 2017
Decided March 17, 2017

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 16-2090

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee,* | District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 12 CR 614-1 |
| NEMESIO RIVERA-ORTA, | |
| *Defendant-Appellant.* | Rebecca R. Pallmeyer, *Judge.* |

**O R D E R**

Nemesio Rivera-Orta, a 60-year-old Mexican citizen, twice arranged for a coconspirator to deliver high-purity methamphetamine to an informant. With DEA agents watching, the informant paid Rivera-Orta and received the methamphetamine—totaling 7.4 kilograms. Rivera-Orta was charged with conspiracy and possessing methamphetamine for distribution, *see* 21 U.S.C. §§ 846, 841(a)(1), and for nearly two years plea negotiations dragged on. Eventually he pleaded guilty to the conspiracy in exchange for dismissal of the substantive counts. He was sentenced to 140 months' imprisonment, below the calculated guidelines range.

Rivera-Orta filed a notice of appeal, but his appointed attorney asserts that the appeal is frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967).

Rivera-Orta opposes that motion. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses issues that an appeal of this kind might be expected to involve. Because the analysis in the brief appears thorough, we limit our discussion to the issues identified in that brief and in Rivera-Orta's response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel represents that Rivera-Orta does not want his guilty plea set aside, and thus counsel appropriately forgoes discussing the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel questions whether Rivera-Orta could challenge the district court's finding that, for purposes of calculating the guidelines range, he was responsible for 7.4 kilograms of methamphetamine. Counsel recognizes, however, that an appellate claim would be frivolous because a total of 7.4 kilograms was *recovered* by the DEA in the two sales arranged by the defendant. The drug quantity was incontestable, which explains why Rivera-Orta's former attorney did not object to the quantity finding.

Counsel tells us that Rivera-Orta wishes to argue that he should have received relief under the "safety valve," which, if specified criteria are satisfied, allows a drug offender to skirt any statutory minimum and possibly benefit from a 2-level downward adjustment under the sentencing guidelines. *See* 18 U.S.C. § 3553(f); U.S.S.G. §§ 2D1.1(b)(17), 5C1.2. One criterion is that, no later than the time of sentencing, the defendant disclose to the government "all information and evidence" in his possession "concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." U.S.S.G. § 5C1.2(a)(5); *United States v. Alvarado-Tizoc*, 656 F.3d 740, 746 (7th Cir. 2011). Yet, as counsel notes, nothing in the record suggests that Rivera-Orta satisfied this condition. *See United States v. Sainz-Preciado*, 566 F.3d 708, 715 (7th Cir. 2009) (explaining that defendant who does not make full disclosure is not eligible for safety valve); *United States v. Olivas-Ramirez*, 487 F.3d 512, 517 (7th Cir. 2007) (same). In his Rule 51(b) response, Rivera-Orta does not dispute appellate counsel's representation that he did not satisfy the criteria for eligibility, making any claim about the safety valve frivolous. *See United States v. Syms*, 846 F.3d 230, 235 (7th Cir. 2017) (explaining that defendant bears burden of establishing eligibility for safety valve).

Counsel next considers whether Rivera-Orta could argue that his 140-month prison term is unreasonable. That sentence is below the guidelines range of 168 to 210 months and thus presumptively reasonable. *See Rita v. United States*, 551 U.S. 338,

347 (2007); *United States v. Long*, 748 F.3d 322, 332 (7th Cir. 2014). Counsel has not identified any reason to set aside that presumption, nor can we. The district court weighed the sentencing factors in 18 U.S.C. § 3553(a), comparing the seriousness of the offense and the need to protect the public from further crimes, *id.* § 3553(a)(2)(A), (C), with Rivera-Orta's age, criminal history, difficult childhood, and family ties, as well as his need for medical treatment for his fractured wrist, *see id.* § 3553(a)(1).

In his Rule 51(b) response, Rivera-Orta protests that he did not receive "the benefit of being a minor participant," i.e., a 2-level decrease under U.S.S.G. § 3B1.2(b). But Rivera-Orta waived any claim to this downward adjustment when his former counsel acknowledged at sentencing that Rivera-Orta was opposing a proposed *upward* adjustment for a leadership role but was "not asking for a minor or mitigating role." *See United States v. Hible*, 700 F.3d 958, 961 (7th Cir. 2012); *United States v. Gaona*, 697 F.3d 638, 641 (7th Cir. 2012).

Rivera-Orta also complains about the greater length of his prison sentence relative to his coconspirator. The coconspirator pleaded guilty to an offense with a lower statutory-minimum sentence and was sentenced to 24 months' imprisonment, which the government explained was because of his lesser culpability and personal characteristics. But Rivera-Orta's complaint is frivolous because a concern about sentencing disparities, *see* 18 U.S.C. § 3553(a)(6), relates to differences between judges or districts, not among codefendants in the same case. *See United States v. Grigsby*, 692 F.3d 778, 792 (7th Cir. 2012); *United States v. Scott*, 631 F.3d 401, 405 (7th Cir. 2011). So even though the district court did not address his argument about his coconspirator's sentence, the district court was free to pass over it without comment. *See United States v. Martin*, 718 F.3d 684, 688 (7th Cir. 2013).

Rivera-Orta also asserts that the district court did not consider his family ties and the inadequate medical treatment he allegedly had received while detained pending trial, and did not fairly consider his good record over the past 30 years. But the district court discussed Rivera-Orta's criminal history, family ties, and need for medical treatment, and relied on those factors to justify a below-guidelines sentence. *See United States v. Davis*, 764 F.3d 690, 694 (7th Cir. 2014) (explaining that sentencing court need only say enough about argument in mitigation to demonstrate reasonable exercise of "legal decision-making authority"); *United States v. Dachman*, 743 F.3d 254, 262 (7th Cir. 2014) (same).

There is one final matter. By statute, the district court was compelled to impose a minimum term of 5 years' supervised release to follow Rivera-Orta's imprisonment.

*See* 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(viii). Yet the district court, with the prosecutor standing by silently, imposed a 1-year term with the explanation that Rivera-Orta would be removed from the country after his release from prison. Then the sentencing court corrected clerical mistakes in the written judgment on the authority of Federal Rule of Criminal Procedure 36, but at the same time eliminated even that one year of supervised release. That step, too, was unauthorized. *See United States v. Johnson*, 571 F.3d 716, 718 (7th Cir. 2009) (explaining that district judge may use Rule 36 to conform judgment to sentence actually imposed but cannot use Rule 36 to *change* sentence even if erroneous). But the government has not filed a cross-appeal from the initial judgment or appealed the amended judgment, so the amended judgment remains in place. *See Greenlaw v. United States*, 554 U.S. 237, 240 (2008); *United States v. Maday*, 799 F.3d 776, 778–79 (7th Cir. 2015) (noting that prison term below statutory minimum would stand because government did not file cross-appeal), *cert. denied*, 136 S. Ct. 1688 (2016); *Romandine v. United States*, 206 F.3d 731, 735–38 (7th Cir. 2000) (noting that unauthorized revisions to sentence will stand if not appealed by government).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.