In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-1592

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MATTHEW POULIN,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 4:11-cr-40116-MMM-JAG — **Michael M. Mihm**, *Judge.*

ARGUED NOVEMBER 12, 2013 — DECIDED MARCH 6, 2014

Before ROVNER and SYKES, *Circuit Judges*, and DURKIN, *District Judge*.[*]

DURKIN, *District Judge*. Law enforcement officers used file-sharing software to discover Matthew Poulin had been

[*] Of the United States District Court for the Northern District of Illinois, sitting by designation.

downloading and transmitting child pornography in the basement of his mother's house. As a result, Poulin was charged with receipt of child pornography, 18 U.S.C. § 2252A(a)(2)(A), (b)(1); and possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B), (b)(2). He later pled guilty to both charges and received a 115-month prison term, followed by a lifetime term of supervised released with various conditions attached. Poulin now challenges the length of his prison term and the accompanying supervised release, as well as certain conditions of the supervised release term. For the reasons that follow, we vacate Poulin's sentence and remand for resentencing.

**BACKGROUND**

Poulin was born and raised in California, where he predominantly lived with his grandparents. In 2003 at age eighteen, Poulin married a woman who he would later divorce in 2006. It was around that time when Poulin fathered a son with another woman—a son he later obtained primary custody of after moving to Moline, Illinois, in June 2011.

In August 2011, Poulin and his son moved into Poulin's mother's house. Poulin's mother, stepfather, and stepsiblings (ages 5 and 6) also resided in the house. Poulin had a bedroom in the basement, where he kept a computer and looked at adult pornography on a daily basis. At some point, Poulin became interested in child pornography, and he used file-sharing software to search and download at least 30 videos of child pornography.

In September 2011, law enforcement officers remotely accessed Poulin's computer files through file-sharing software. They discovered that Poulin was offering to distribute cer-

tain child-pornography videos. In response, the officers obtained and executed a valid search warrant of Poulin's residence. Poulin's computer, two hard drives, and a television were seized. A forensic examination of the items revealed the illicit videos.

A grand jury returned a two-count indictment in December 2011, charging Poulin with receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1) ("Count One"), and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2) ("Count Two"). Dr. Ron Nieberding, a licensed clinical psychologist, was asked to evaluate Poulin's competency to stand trial. Dr. Nieberding in turn filed two reports with the court—the first addressed Poulin's trial competency; the second, Poulin's mental state at the time of the offense. The reports provided a thorough analysis of Poulin's personal history and of his lengthy medical and psychiatric history.

The district court, taking the reports into consideration, found Poulin competent to stand trial. Poulin subsequently pled guilty to both counts without a plea agreement.

The case proceeded to sentencing. The probation office prepared a Presentence Investigation Report ("PSR"), which gave Poulin a total offense level of 34 with a criminal history category of I (because Poulin had no prior criminal history), resulting in an advisory guidelines range of 151 to 188 months' imprisonment. The statutory supervised release range was 5 years to life, though the guidelines recommend the maximum term be imposed when the conviction is for a sex offense. *See* U.S.S.G. § 5D.2(b)(2). The probation office also recommended as conditions of supervised release that Poulin undergo mandatory drug testing and register as a sex

offender wherever he resides. The probation office later supplemented the PSR and recommended nine additional conditions. Poulin objected to three of them: (1) a ban on possessing material depicting or alluding to sexual activity or depicting sexual arousing material; (2) a ban on accessing sexually-oriented websites; and (3) a ban on contact with minors, including "incidental contact with minors and contact with minor family members for no apparent reason."

The district court held a sentencing hearing on January 24, 2013. The judge adopted the guidelines calculation contained in the PSR but continued the sentencing in light of the impending decision in *United States v. Goodwin*, 717 F.3d 511 (7th Cir. 2013), *cert. denied*, No. 13-5762 (Oct. 8, 2013); which involved an appeal from a district court's imposition of certain conditions on a sex offender during his supervised release.

A second hearing was held on March 15, 2013, despite the fact *Goodwin* had not yet been decided.[1] The hearing predominantly focused on the conditions of supervised release. One central issue involved the phrase "sexually oriented websites," which the district judge noted was vague. Instead, the judge suggested that "pornographic" websites would be more appropriate and, in doing so, stated that he believed all pornography is illegal, including adult pornography. Defense counsel directed the judge to *Miller v. California*, 413 U.S. 15, 36 (1973), which held that only obscene material is not protected by the First Amendment, but the judge's response implied that *Miller* defined what constitutes

---

[1] *Goodwin* was decided on May 8, 2013.

pornography, rather than obscenity. The parties also discussed the ban on contact with minors—a focal point of the *Goodwin* case, *see Goodwin*, 717 F.3d at 523–24 (vacating a condition of supervised release prohibiting the defendant from having contact with minors because the district court did not adequately explain why the condition was necessary). Poulin argued that the condition was inapplicable to him because his conduct did not involve contact with minors and the condition prevented him from having unsupervised physical contact with his son. The judge nevertheless rejected Poulin's argument on that point, in addition to Poulin's other challenges to the supervised release conditions.

The parties then discussed Poulin's prison term. The government recommended a within-guidelines range sentence because the offenses were committed in a home where three small children resided, even though there was no evidence that Poulin had ever abused any children. The government also discussed Poulin's statement at the time of his arrest that it was a "bullsh*t crime" and that he was "not hurting anyone." Conversely, Poulin's counsel asked for a 5-year prison term (the statutory minimum) because Poulin was 27 at the time of sentencing, had a strong relationship with his son, had never before been in trouble with the law, and had never laid his hands on a minor. Poulin's counsel also explained that there is no correlation between possession of child pornography and contact sex offenses and that a 2010 Sentencing Commission survey demonstrated the majority of federal judges, roughly 70%, find the child pornography guidelines in a case like this to be extreme and unwarranted. Additionally, Poulin read a statement in allocution, admitting responsibility for the offenses but claiming that the officers who interviewed him "twist[ed] [his] words and

misunderstood [his] answers." He also recited Job 9:20 to the court: "Though I am innocent, my own words will pronounce me guilty. Though I am blameless, they would prove me wicked."

The district judge adopted the factual findings and guideline calculations of the PSR. The judge then imposed concurrent 115-month prison terms on the two counts Poulin pled guilty to, followed by concurrent life terms of supervised release. In doing so, the judge chastised Poulin's quote from Job, stating, "[Y]ou're not blameless. You wouldn't be here if you weren't." He also made a brief reference to Poulin's survey argument, stating that he did not see "the same degree of disconnect." The judge then imposed certain conditions for Poulin's supervised release, orally declaring in part:

> You shall participate with the U.S. Probation Office's Computer and Internet Monitoring Program during your term of supervision. The monitoring program will start as soon as possible after your supervision term begins. You shall sign the rules of the program and comply with the conditions. During this time, you shall install filtering software on any computer you possess or use which will monitor and block access to pornographic websites. That's both adult and child pornographic websites.
>
> * * *
>
> [Y]ou shall have no contact with any person under the age of 18, except in the presence of a responsible adult who is aware of the nature of

your background and current offense and who has been approved by the probation officer, except in the course of commercial business and in cases of incidental or unintentional conduct.

\* \* \*

You shall not receive or transmit any pornography, including adult and child pornography, via the Internet nor visit any website including chat rooms or bulletin boards containing any pornography, including adult and child pornography.

\* \* \*

You shall neither possess nor have under your control any material that contains adult or child pornography. This includes but is not limited to any material obtained through access to any computer and/or communication device including a computer and/or communication device for employment purposes or any material linked to computer or communication device access or use.

Judgment was entered on March 19, 2013. Everything contained in the written order was consistent with the district judge's oral pronouncement, except the phrase "sexually arousing material" was used in the written order instead of "pornography," which was contained in the oral pronouncement.

## DISCUSSION

Poulin challenges his 115-month prison term, the lifetime term of supervised release, and certain special conditions

accompanying the supervised release term. He claims the district court committed procedural error in fashioning both the prison term and the supervised release term, and abused its discretion when it imposed certain conditions of supervised release.

## I.

Poulin contends the district court committed procedural error by failing to address his principal mitigating argument. District courts must consider a defendant's "principal, non-frivolous arguments in mitigation" when selecting an appropriate sentence for a defendant. *United States v. Chapman*, 694 F.3d 908, 913 (7th Cir. 2012). The judge must explain his rationale for why a given sentence is appropriate, *United States v. Paige*, 611 F.3d 397, 398 (7th Cir. 2010), providing enough detail so that a reviewing court can adequately evaluate the judge's balancing of the 18 U.S.C. § 3553(a) factors. *See United States v. Robertson*, 662 F.3d 871, 879 (7th Cir. 2011). A sentencing judge's failure to adequately explain his sentence is a procedural error that may require remand. *United States v. Spiller*, 732 F.3d 767, 769 (7th Cir. 2009); *see United States v. Schroeder*, 536 F.3d 746, 755–56 (7th Cir. 2008). We conduct a *de novo* review as to whether a district court committed any procedural error. *United States v. Annoreno*, 713 F.3d 352, 356 (7th Cir. 2013).

Poulin argued at his sentencing hearing that 70% of the federal judges who responded to a 2010 Sentencing Commission survey stated that they believed the guidelines ranges were extreme and unwarranted in sex offense cases like Poulin's, which only involved possession and/or receipt of child pornography. When addressing this argument, the judge stated in full:

> At some point, [defense counsel] made some com-
> ment about—I don't know the exact context, but this
> level of punishment for these images. I, frankly, don't
> see the degree of disconnect that [defense counsel]
> does.

The government argues this was sufficient commentary re-
garding Poulin's argument because the judge referred to the
argument, even if he did not provide an elaborate discussion
rejecting it. It also argues that the judge implicitly consid-
ered the argument because Poulin received a below-range
sentence. We disagree.

It is undeniable that Poulin received a below-range sen-
tence, but that does not mean the district judge adequately
considered and took into account Poulin's argument that the
overall calculation was excessive here. First, this is not a sit-
uation where a judge failed to address an argument that was
"so weak as not to merit discussion." *See United States v.
Cunnigham*, 429 F.3d 673, 679 (7th Cir. 2005) ("A judge who
fails to mention a ground of recognized legal merit (provid-
ed it has a factual basis) is likely to have committed an error
or oversight."). We previously held that Poulin's argu-
ment—"that the child-pornography guidelines do not ap-
proximate the goals of sentencing when applied to defend-
ants convicted only of possession who have no history of
contact offenses"—is a valid argument that a sentencing
judge must address. *United States v. Martin*, 718 F.3d 684,
687–88 (7th Cir. 2013).[2] The judge was thus required to con-

---

[2] *Martin* was decided after Poulin was sentenced in this case. The refer-
ence to *Martin* is simply additional support for Poulin's contention that
his argument is neither frivolous nor without a factual basis.

sider it, and then provide reasons explaining his acceptance or rejection of it. He did not do that here. *Cf. United States v. Pape*, 601 F.3d 743, 749 (7th Cir. 2010).

Additionally, this is not a situation where we can be confident the judge "implicitly" considered the argument in fashioning his sentence. *See United States v. Poetz*, 582 F.3d 835, 838–40 (7th Cir. 2009) (holding that there is no error when a district judge does not explicitly discuss an argument if "it is apparent from th[e] record that the judge fully understood [the] argument on th[e] point and implicitly considered and rejected it in imposing a lenient, below-guidelines term of imprisonment"). The judge here explicitly stated that he did not know the exact context of Poulin's argument, simply referring to it as "some comment." This "comment" was Poulin's main argument for leniency, and we have no idea whether proper consideration of it (or consideration at all) would have affected Poulin's prison term. The procedural error was therefore not harmless, *see United States v. Gulley*, 722 F.3d 901, 910–11 (7th Cir. 2013); *United States v. Tovar-Pina*, 713 F.3d 1143, 1147–48 (7th Cir. 2013); and a remand for resentencing on the prison term is required. The judge will have the opportunity to adequately address Poulin's mitigating arguments and more fully explain his chosen prison term.[3]

---

[3] Poulin also argues that his term of imprisonment should be vacated on the alternative ground that the district court erred by relying on clearly erroneous facts in fashioning his sentence. Specifically, he contends that the judge mistakenly thought that adult pornography was illegal and that the judge misunderstood his allocution statement and reference to the Book of Job. We need not address these arguments, as a remand on Poulin's principal argument is required.

**II.**

The statutory supervised-release range in this case was 5 years to life, with the guidelines policy statement recommending the maximum term because the case involved sex offenses. *See* U.S.S.G. § 5D.2(b)(2). The district judge imposed the maximum term (life) but did not provide any reasons for why he felt a life term of supervised release was appropriate. Poulin contends this was an error requiring reversal, and the government agrees. Accordingly, we vacate the life term of supervised release without further discussion.

**III.**

As a final matter, Poulin challenges two conditions of his supervised release: (1) the prohibition of unsupervised contact with minors, including his own son and family members; and (2) the prohibition on accessing and possessing adult pornography.[4] He contends the district court abused its discretion in imposing the conditions. The government agrees we should vacate the conditions, conceding that the record lacks the explanation necessary for us to review the validity of the challenged conditions. This is the approach we recently followed in *United States v. Shannon*, ___ F.3d ___, 2014 WL 607497 (7th Cir. Feb. 18, 2014), another case involving a lifetime ban on adult pornography, and we find it to be appropriate here as well. Accordingly, we also vacate the conditions of Poulin's supervised release.

---

[4] These two "conditions" relate to the four special conditions discussed above, which each involve unsupervised contact with minors or adult pornography.

## CONCLUSION

For the foregoing reasons, we VACATE Poulin's prison and supervised release terms, as well as the special conditions accompanying his supervised release, and REMAND for resentencing. We are careful to note, however, that we express no opinion as to the overall appropriateness of the particular prison term, term of supervised release, and conditions of supervised release previously imposed. *Cf. United States v. Adkins*, ___ F.3d ___, 2014 WL 607497 (7th Cir. Jan. 30, 2014) (vacating a special condition of supervised release involving a ban on pornography because it was impermissibly vague).