BROWN, Circuit Judge,
concurring:
After the Supreme Court declared the Sentencing Guidelines advisory in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and required a very deferential form of reasonableness review, see Gall v. United States, 552 U.S. 38, 51-53, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), there is very little left for an appellate court to do in reviewing federal sentences. That said, we must still ensure a sentencing judge considered all of the 18 U.S.C. § 3553(a) sentencing factors, including defendants’ nonfrivolous arguments for mitigation directed at those factors. As a practical matter, effective review depends on the trial judge’s transparency in addressing his considerations— however lightly — on the record or in written orders.
A majority of circuits require judges to address a defendant’s nonfrivolous arguments for a sentence below the advisory Sentencing Guideline range. E.g., United States v. Poulin, 745 F.3d 796, 801 (7th Cir.2014) (holding the sentencing judge must “consider” a nonfrivolous sentencing argument and “provide reasons explaining his acceptance or rejection of it”); United States v. Corsey, 723 F.3d 366, 376-77 (2d Cir.2013) (reversing for, inter alia, the district court’s failure to address defendant’s nonfrivolous argument); United States v. Trujillo, 713 F.3d 1003, 1011 (9th Cir.2013) (“Trujillo presented nonfrivolous arguments, and the district court did not at all explain the reasons for rejecting them; this was legal error.”); United States v. Lynn, 592 F.3d 572, 581 (4th Cir.2010) (holding the district court failed to address the defendant’s “nonfrivolous reasons for imposing a different sentence”); United States v. Mondragon-Santiago, 564 F.3d 357, 362 (5th Cir.2009) (holding the district court inadequately addressed defendant’s argument for a downward departure from the Guideline range); United States v. Sevilla, 541 F.3d 226, 232 (3d Cir.2008), abrogated on other grounds by United States v. Flores-Mejia, 759 F.3d 253 (3d Cir.2014) (“[A] rote statement of the § 3553(a)- factors should not suffice if at sentencing either the defendant or the *17 prosecution properly raises a ground of recognized legal merit ... and the court fails to address it”); United States v. Peters, 512 F.3d 787, 788 (6th Cir.2008) (reversing because “the District Court did not address the defendant’s ‘time-served’ argument”).
“Sentencing is a responsibility heavy enough without our adding formulaic or ritualized burdens.” United States v. Cavera, 550 F.3d 180, 193 (2d Cir.2008). I am not indifferent to concerns about saddling busy district courts with more procedural loads and I appreciate this court’s reluctance. But the burden of providing a brief explanation is small and the advantages great. “Most obviously, [an explanation] requirement helps to ensure that district courts actually consider the statutory factors and reach reasoned decisions.” Id. at 193; see also In re Sealed Case, 527 F.3d 188, 192 (D.C.Cir.2008) (“The requirements that a sentencing judge provide a specific reason for a departure and that he commit that reason to writing work together to ensure a sentence is well-considered.”). It also promotes the “perception of fair sentencing,” Gall, 552 U.S. at 50, 128 S.Ct. 586, and “helps the sentencing process evolve by informing the ongoing work of the Sentencing Commission,” Cavera, 550 F.3d at 193. When a sentencing court responds to a defendant’s arguments, it “communicates a message of respect for defendants, strengthening what social psychologists call ‘procedural justice effects,’ thereby advancing fundamental purposes of the Sentencing Reform Act.” See Michael M. O’Hear, Explaining Sentences, 36 Fla. St. U. L. Rev. 459, 472 (2009). The requirement also assures an adequate record with which we can conduct “meaningful appellate review.” Gall, 552 U.S. at 50, 128 S.Ct. 586.[1] Consequently, I would join the majority of circuits in holding district courts should address a defendant’s nonfrivolous argument for a variance from the Guideline range.
The court relies on the government’s concession that the district court “probably” believed it was prohibited by our case law from considering sentencing manipulation as a basis for a variance from the advisory Guideline range. Maj. Op. at 14 (citing Oral Arg. Recording 19:30-21:15). But we are required to “conduct an independent review” of a legal issue, despite the government’s concession on appeal. United States v. Russell, 600 F.3d 631, 636 (D.C.Cir.2010). More importantly, although the government claimed the district court probably believed it was prohibited by United States v. Walls, 70 F.3d 1323 (D.C.Cir.1995), and its progeny, from considering Bigle/s sentencing manipulation argument, the government never presented the Walls argument to the district court — either in its sentencing memorandum or during the sentencing hearing. Thus, it seems odd to find, as the court did, that the district court erred in failing to consider Bigley’s sentencing manipulation claim based on an argument the government never presented. I would rather have the district court’s explanation than the government’s dubious concession.
I concur in the judgment.

. Requiring a sentencing court to both consider and address a defendant's argument for mitigation also can affect outcomes. See Jennifer Niles Coffin, Where Procedure Meets Substance: Making the Most of the Need for Adequate Explanation in Federal Sentencing, Champion, Mar. 2012, at 36 ("When courts of appeals insist that the district courts fully address the evidence and arguments presented by the parties regarding the appropriate sentence, and then explain their decision to accept or reject those arguments, actual outcomes are different on remand, sometimes significantly so.”).