In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 15-2899

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

PAUL A. CARSON,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Central District of Illinois.
No. 14-10078-001 — **Joe Billy McDade**, *Judge.*

_____

SUBMITTED JANUARY 19, 2016 — DECIDED MAY 6, 2016

_____

Before POSNER, EASTERBROOK, and SYKES, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* Paul Carson pleaded guilty to one count of delaying the mail, 18 U.S.C. §1703(a), and was sentenced to one month's imprisonment plus one year's supervised release, three months of which must be spent in community confinement. The sole issue he raises on appeal is whether one condition of that supervised release was ade-

quately justified by the district judge and consistent with the Constitution.

The contested condition requires Carson to submit to a visit by his probation officer, "at home or elsewhere", between the hours of 6 AM and 11 PM. The condition permits a home visit but not a home search (though it adds that the probation officer may confiscate any contraband in plain view). Carson objects to the "home" part of this condition but does not express concern about the "elsewhere" clause—though as we remarked in *United States v. Henry*, 813 F.3d 681, 683–84 (7th Cir. 2016), a district judge should be clear that "elsewhere" means someplace reasonable, rather than, say, a thousand miles away. The condition also should state that the place must be one that the probation officer may legitimately enter, by right or by consent. A condition of one person's release cannot authorize a probation officer to barge into someone else's home over the objection of its occupants just because the person under supervision had stopped in for a cup of tea.

Carson contends that the home-visit condition violates the Fourth Amendment. Our opinion in *United States v. Armour*, 804 F.3d 859, 870 (7th Cir. 2015), rejects that contention. See also *Samson v. California*, 547 U.S. 843 (2006) (condition of parole allowing search at any time is consistent with the Fourth Amendment); *United States v. Knights*, 534 U.S. 112 (2001).

A district judge may not impose a condition just because the Constitution permits it, however. Each part of a federal sentence must be justified under the criteria of 18 U.S.C. §3553(a), and terms of supervised release (other than those that are mandatory for all persons under supervision) also

require justification under 18 U.S.C. §3583(d)—though these statutes overlap, and a judge need not traipse through them separately if what is said under one satisfies the other as well.

This circuit insists that judges take the conditions of supervised release as seriously as other matters, such as the length of imprisonment, and justify them accordingly. See, e.g., *Henry*, 813 F.3d at 683; *United States v. Poulin*, 809 F.3d 924, 931–34 (7th Cir. 2016); *United States v. Kappes*, 782 F.3d 828, 848–53 (7th Cir. 2015); *United States v. Thompson*, 777 F.3d 368, 373 (7th Cir. 2015). Carson maintains that the district judge failed to do this.

It is true that the district judge was terse about the home-visit condition, but even when setting the term of imprisonment a judge need not speak at length. See, e.g., *Rita v. United States*, 551 U.S. 338, 356–59 (2007). Indeed, *Rita* holds that a few words usually will be adequate, when the context of sentencing shows that the judge has given thought to the matter. It would not be sensible to demand that a judge say more about each of the many terms of supervised release than about the duration of imprisonment.

When proposing the home-visit condition, the presentence report observed that the probation officer has a statutory duty to "keep informed, to the degree required by the conditions specified by the sentencing court, as to the conduct and condition of … a person on supervised release". 18 U.S.C. §3603(2). Carson opposed the proposal, reminding the district judge that he had not committed his crime at home—and, because the Postal Service had fired him, that he would not have any additional mail that he could steal or delay. But the district judge agreed with the report's rationale and stat-

ed that the home-visit condition would enable the probation office to "keep watch" on Carson, not only to check for signs of unlawful activity but also to monitor his compliance with other conditions of supervised release, such as the one forbidding him to possess firearms. Home visits might turn up guns, drugs, or other signs of trouble.

The judge added that it would be better for the probation officer to visit Carson inside "his home where he can spend some time with the defendant rather than a hurried conversation outside or in a doorway which could entail inclement weather and discomfort for both sides". The need for home visits is especially great, the judge remarked, when the officer suspects Carson of violating the terms of his release and can use the visit to try "to validate what is suspected." And, although the judge did not mention this specifically in connection with the home-visit condition, he relied in other parts of the sentencing on the fact that this is Carson's seventh felony conviction. He needs close supervision. *Rita* permits us to consider this part of the background of the home-visit condition.

Carson maintains that the "keep watch" observation and the judge's related statements do not distinguish him from other felons, and he asks us to hold that §3553(a) and §3583(d) require a judge to explain what is distinctive about each defendant's situation. Otherwise, Carson insists, district judges could adopt generic "explanations" that, because they apply to all offenders, really are not explanations at all.

This line of argument is not convincing, because it would condemn as inadequate many if not most things that judges say at sentencing. Take, for example, the common statement that a particular sentence is required to deter crime. Such a

statement could be made in every case, but this does not make it inadequate as a matter of law. *Rita* held that a judge's statement that a particular sentence was "appropriate" sufficed in the context of that sentencing (551 U.S. at 358), even though every judge thinks (and perhaps says) the same thing about every sentence. What this judge said about Carson would have been enough to support a 13-month term of imprisonment; the judge's decision to impose the lesser term of one month in prison, three months in community confinement, and nine months subject to the occasional home visit, can't make the explanation deficient.

If this judge's statement that the home-visit condition will enable the probation office to "keep watch" and help enforce the other terms of release implies that a home-visit condition would be appropriate in every case: why is that a problem? True, the Sentencing Commission did not put a home-visit condition on the list of eight mandatory conditions. U.S.S.G. §5D1.3(a). It is instead tenth on the list of standard conditions that the Commission recommends. U.S.S.G. §5D1.3(c)(10). (The district judge did Carson a favor; the Sentencing Commission's standard condition 10 says that the probation officer may visit the releasee "at any time at home or elsewhere".) We cannot see anything in either the statutes or the Guidelines that forbids a district court to impose one of the standard conditions in every case. District judges may set their own sentencing policy. See *Kimbrough v. United States*, 552 U.S. 85 (2007); *United States v. Corner*, 598 F.3d 411 (7th Cir. 2010) (en banc). A judge who believes that standard condition 10 should have been mandatory condition 9 is entitled to put that view into practice, just as a judge who thinks that crack and powder cocaine always should be treated identically is entitled to put *that* view into practice—

and to do so without an elaborate statement of his penal philosophy in every case.

We do not read this judge's statement that the home-visit condition will help the probation office "keep watch" as necessarily implying universal application. Maybe the judge means to employ it only when the defendant must comply with a firearms condition, has other felony convictions, or both. But whether or not the practice tends toward making a home-visit condition the norm, a judge's statement of reasons cannot be dismissed as inadequate just because it would apply to many other defendants.

In *Samson* the Supreme Court sustained against constitutional challenge a search-anytime condition that applied to every felon in California, and it did so because in the Court's view the ability to do this promotes the state's ability to enforce its criminal laws and the conditions of release. 547 U.S. at 848–50. The district judge in this case said the same thing about Carson. This reason is just as sound when given by a district judge for one case as when given by the Supreme Court for tens of thousands.

AFFIRMED

POSNER, *Circuit Judge*, dissenting. The defendant, a postal worker, pleaded guilty to delaying the mail, in violation of 18 U.S.C. § 1703(a), by discarding in a wooded area mail that he was supposed to deliver. The judge sentenced him to a month in jail to be followed by a year of supervised release. The appeal is limited to a challenge to one of the conditions of supervised release: that the defendant "permit a probation officer to visit him at home or elsewhere between the hours of 6 a.m. and 11 p.m., unless investigating a violation or in case of emergency [in which event a probation officer can 'visit' him at any hour]. The defendant shall permit confiscation of any contraband observed in plain view of the probation officer."

There are two problems with this condition, one being "or elsewhere." Although this court upheld a similar condition in *United States v. Armour*, 804 F.3d 859, 870 (7th Cir. 2015)—"You shall permit a probation officer to visit you at home or any other reasonable location between the hours of 6:00 AM and 11:00 PM, unless investigating a violation or in case of emergency"—there was a critical difference: namely the limitation in *Armour* but not in this case to a "reasonable" other location. The omission of that limitation in the present case leaves open at least the theoretical possibility that the probation officer could require Carson to meet him in an inappropriate location, such as a funeral, or a remote one, say someplace in a nonadjacent state.

The importance of the "reasonableness" requirement is underscored by the remark in *Armour* that the defendant "further argues that the term 'other reasonable location' is vague and may subject Armour to searches at a church, hospital, or funeral home. However, under most circumstances,

those visits would be unreasonable *and thus barred by the condition itself*. Therefore, imposing this condition was not an abuse of discretion." 804 F.3d at 870 (emphasis added).

As held in *United States v. Henry*, 813 F.3d 681 (7th Cir. 2016), the *Armour* formula is superior to the bare "or elsewhere" provision in the home-visits condition found in the district judge's opinion in this case. Another superior alternative would be to allow the probation officer and the defendant to agree to meet outside the defendant's home "at some other mutually convenient location designated by the probation officer." *United States v. Henry*, *supra*, 813 F.3d at 683. But as the defendant has not challenged the "or elsewhere" phrase, it should not be ordered changed.

The second problem with the home-visits condition in this case is the judge's failure to justify its imposition beyond saying that "the probation officer is obligated to keep watch over [the defendant], and visiting his home where he can spend some time with the defendant rather than a hurried conversation outside or in a doorway … makes sense to me," and that "this condition is enabling the probation officer to fulfill his statutory obligation to supervise and monitor the defendant while he's on supervised release." Now to begin with "a hurried conversation outside or in a doorway" is not the only or the common alternative to a home visit. The obvious alternative is the standard condition that requires that "the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month." There may be a reason to think this is not enough in the case of a particular defendant, but the district judge gave no explanation for his suggestion that adding a home-visit condition to the "shall report" con-

dition is necessary to enable the probation officer to fulfill his duties. We could try to read the district judge's mind, and thus speculate that the defendant's six felony convictions required that he meet with the probation officer at home rather than just in the probation office, but such speculation would be a usurpation of the probation officer's responsibilities; the decision should be his.

So loose was the district judge's explanation for why he imposed the condition that if given decisive weight this would imply imposing it on *any* person sentenced in federal court, thus making it a de facto mandatory condition. Our decisions make clear that just as with other nonmandatory conditions the judge must, before deciding whether to impose a home-visits condition, decide whether its imposition would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). See *United States v. Sandidge*, 784 F.3d 1055, 1068–69 (7th Cir. 2015); *United States v. Kappes*, 782 F.3d 828, 847–48, 850–51 (7th Cir. 2015); *United States v. Thompson*, 777 F.3d 368, 379–80 (7th Cir. 2015); cf. *United States v. Poulin*, 745 F.3d 796, 802 (7th Cir. 2016). The judge failed to do this.

Although *United States v. Douglas*, 806 F.3d 979, 985–86 (7th Cir. 2015), remarks that "if it turns out that the visiting condition is abused" by the probation service the defendant "can seek relief"—which of course is true—the opinion is explicit that the sentencing judge may not impose a nonmandatory condition of supervised release, including a home-visits condition, without *first* determining its conformity to the statutory sentencing factors. *Id*. at 985–86. For otherwise the judge could just say to the defendant: "I'm imposing all the conditions of supervised release that I've found plus all the other conditions I can think of, and if some don't

make sense as applied to you, you can always ask me later to modify or rescind them."

We said in *United States v. Thompson*, *supra*, 777 F.3d at 379–80, that a condition of supervised release which permits the probation officer to visit the defendant at any time at home or elsewhere is "too broad in the absence of any effort by the district court to explain why [it is] needed." Some explanation for the imposition of the condition was especially needed in this case when one considers the oddness of imposing it on someone convicted of delaying the mail. Obviously the defendant will not be rehired by the Post Office upon the completion of his jail sentence, especially as this was not his first mail-fraud offense. But since he didn't steal mail but simply threw it away, a probation officer who visits him at home is not going to find stolen mail in plain view. It would have been helpful had the government explained to the judge the likely frequency of the visits, why they should be permitted to take place as early as 6 a.m. or as late as 11 p.m., and above all what the probation officer would hope to learn from the visits that he would not learn from the defendant's required visits to the probation office—another condition of supervised release imposed on him, but one not challenged by him.

I want to note finally my disquiet at the statement in the majority opinion that "district judges may set their own sentencing policy." The implication is that the same criminal conduct can rightly be subjected to radically different punishment if two (or more) judges happen to have idiosyncratic sentencing "theories" that differ. Every district judge, whatever his experience in sentencing, whatever his knowledge of criminology, would become an independent

lawgiver to whom the appellate court must kowtow. The result of such deference is bound to be arbitrariness in sentencing. Defendants deserve better. The *Kimbrough* and *Corner* cases cited in the majority opinion stand only for the unexceptionable proposition that sentencing judges normally have a range of discretion in deciding on a sentence, and that is a far cry from the majority's suggestion that every sentencing judge is a law unto himself.

The case should be remanded for the limited purpose of enabling Judge McDade to explain in greater detail his reason or reasons for imposing the home-visits condition on defendant Carson.