POSNER, Circuit Judge,
dissenting.
The defendant, a postal worker, pleaded guilty to delaying the mail, in violation of 18 U.S.C. § 1703(a), by discarding in‘a wooded area mail that he was supposed to deliver. The judge sentenced him to a month in jail to be followed by a year of supervised release. The appeal is limited to a challenge to one of the conditions of supervised release: that the defendant “permit a probation officer to visit him at home or elsewhere between the hours of 6 a.m. and 11 p.m., unless investigating a violation or in case of emergency [in which event a probation officer , can ‘visit’ him at any hour]. The defendant shall permit confiscation of any contraband observed in plain view of the probation officer.”
There, are two problems with this condition, one being “or elsewhere.” Although this court upheld a similar condition in United States v. Armour, 804 F.3d 859, 870 (7th Cir.2015) — ‘You shall permit a probation officer to visit you at home or any other reasonable location between the hours of 6:00 AM and 11:00 PM, unless investigating-a violation or in case of emergency” — there was a critical difference:, namely the limitation-in Armour but not in this case to a “reasonable” other location. The omission of that limitation in the present ease leaves open at- least the theoretical possibility that the - probation officer could require Carson to meet him .in an inappropriate location,, such as a funeral, or a remote one, say someplace in. a nonada jacent state. . !
The importance of the “reasonableness” requirement is underscored by the remark in Armour that the defendant “further argues that the term ‘other reasonable location’ is vague and may subject Armour to searches at a ’church, hospital, or funeral home. However, under most- circumstances, those visits would be unreasonable and thus barred by the condition itself. Therefore, imposing this condition was not an abuse of discretion.” 804 F.3d at 870 (emphasis added).
As held in United States v. Henry, 813 F.3d 681 (7th Cir.2016), the ArmouT formula is superior to the bare “or elsewhere” provision in the home-visits condition found in the district judge’s opinion in this case. Another superior alternative would be to allow the probation officer and the defendant to agree to meet outside , the defendant’s home “at some other mutually convenient location designated by the probation officer.” United States v. Henry, supra, 813 F.3d at 683. But as the defendant has not challenged the “or elsewhere” phrase, it should not be ordered changed.
The second problem with the home-visits condition in this case is the judge’s failure to justify its imposition beyond saying that “the probation officer is obligated to keep watch over [the defendant], and visiting his home where he can spend some time with the defendant rather than a hurried conversation outside or in a door *854 way ... • makes sense to me,” and that “this condition is enabling the probation officer to fulfill his statutory obligation to supervise and monitor the defendant while he’s on supervised release.” Now to begin' with “a hurried conversation outside or in a doorway” is not the only or the common alternative to a home visit.. The obvious alternative is the standard condition’that requires that “the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.” There may be a reason to think this is .not enough in the case of a particular defendant, but the district judge gave no explanation for h;s suggestion that adding a home-visit condition to the “shall report” condition is necessary to enable the probation officer to fulfill his duties. We could try to read the district judge’s mind, and thus speculate that the defendant’s six felony convictions required that he meet with the probation officer at home rather than just in the probation office, but such speculation would be a usurpation of the probation officer’s responsibilities; the decision should be his.
So loose was the district judge’s explanation for why he imposed the condition that if given decisive weight this would imply imposing it on any person sentenced in federal court, thus making it a de facto mandatory condition. Our decisions make clear that just as with other nonmandatory conditions the judge must, before deciding whether to impose a home-visits condition, decide whether its imposition would be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a). See United States v. Sandidge, 784 F.3d 1055, 1068-69 (7th Cir.2015); United States v. Kappes, 782 F.3d 828, 847-48, 850-51 (7th Cir.2015); United States v. Thompson, 777 F.3d 368, 379-80 (7th Cir.2015); cf. United States v. Poulin, 745 F.3d 796, 802 (7th Cir.2014). The judge failed to do this;
Although United States v. Douglas, 806 F.3d 979, 985-86 (7th Cir.2015), remarks that “if it turns out that the visiting condition is abused”-by the probation service the defendant “can seek relief’ — which of course is true — the opinion is explicit that the sentencing judge may not impose a non-mandatory condition of supervised release, including a home-visits condition, without first determining its conformity to the statutory sentencing factors. Id. at 985-86. For otherwise the judge could just say-to the defendant: “I’m imposing all. .the conditions of supervised release that I’ve found plus all the other conditions I can think of, and if some don’t make sense as applied to you, you can always ask me later to modify or rescind them.”
We said in United States v. Thompson, supra, 777 F.3d at 379-80, that a condition of supervised release which permits the probation officer to visit the defendant at any time at home,or elsewhere is “too broad in the absence of any effort by the district court to explain why [it is] needed.” Some explanation for the imposition of the condition was especially needed in this case when one considers the oddness of imposing it on someone convicted of delaying the mail. Obviously the defendant will not be rehired by the Post Office upon the completion of his jail sentence, especially as this was not his first mail-fraud offense. But since he didn’t steal mail but simply threw it away, a probation officer who visits him at home is not going to find stolen mail in plain view. It would have been helpful had the government explained to the judge the likely frequency óf the visits, why they should be permitted to take place as early ¿s 6 a.m. or as late as 11 p.m., and above all what the probation officer would hope to learn' from the visits that he would not learn, from the defendant’s required visits to the probation office — another condition of supervised release imposed on him, but one not challenged by him.
*855 I want to note finally my disquiet at the statement in the majority opinion that “district judges may set their own sentencing policy.” The implication is that the same criminal conduct can rightly be subjected to radically different punishment if two (or more) judges happen to have idiosyncratic sentencing “theories” that differ. Every district judge, whatever his experience in sentencing, whatever his knowledge of criminology, would become an* independent lawgiver to whom the appellate court must kowtow. The result of such deference is bound to be arbitrariness in sentencing. Defendants deserve better. The Kimbrough and Comer cases cited in the majority opinion stand only for the unexceptionable proposition that sentencing judges normally -have a range of discretion in deciding on a sentence, and that is a far cry from the majority’s suggestion that every sentencing judge is a law unto himself. : • ■
The case1-should be remanded for the limited purpose of enabling Judge McDade to explain in greater detail his reasoh or reasons for imposing the home-visits condition on defendant Carson.