McKAY, Circuit Judge,
concurring in the judgment.
I concur in the judgment only. I agree with the majority’s well-reasoned opinion that plain-error review applies here and that Defendant cannot satisfy this standard. But I disagree that Defendant failed the first prong of plain-error review. I write separately because I believe the district court erred by failing to explain why it rejected Defendant’s nonfrivolous argument that U.S.S.G. § 2G2.2 reflects an unsound judgment.
On appeal, Defendant contends that his sentence is procedurally unreasonable because the district court failed to address his critiques of § 2G2.2. “The [district] court, at the time of sentencing,” must “state in open court the reasons for its imposition of the particular sentence.” 18 U.S.C. § 3553(c). “[Flailing to adequately explain the chosen sentence” is a procedural error. United States v. Sanchez-Leon, 764 F.3d 1248, 1261 (10th Cir. 2014). What counts as adequate “depends upon circumstances.” Rita v. United States, 551 U.S. 338, 356, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). Sometimes the sentencing court “responds to every argument; sometimes it does not.” Id. But a district court must “set forth enough to satisfy the appellate court that [it] has considered the parties’ arguments.” Id.
When a district court imposes a within-Guidelines senténce, as it did here, “doing so will not necessarily require lengthy explanation.” Id. In such cases, the “court must provide only a general statement of its reasons.” United States v. Martinez-Barragan, 545 F.3d 894, 903 (10th Cir. 2008). It “normally need say no more.” Rita, 551 U.S. at 357, 127 S.Ct. 2456. “Unless,” that is, “a party contests the Guidelines sentence generally under § 3553(a),” i.e. “argues that the Guidelines reflect an *967 unsound judgment.” Id. Then the sentencing judge should “go further and explain why he has rejected those arguments.” Id. This is precisely the kind of argument Defendant made here — that § 2G2.2 reflects an unsound judgment.
“Part of the sentencing judge’s obligation under 3553(c) is to respond to a defendant’s ‘nonfrivolous reasons for imposing a different sentence.’ ” United States v. Mack, 841 F.3d 514, 523 (D.C. Cir. 2016) (quoting Rita, 551 U.S. at 357, 127 S.Ct. 2456). As the majority recognizes, “undoubtedly, Defendant’s critiques of § 2G2.2 were nonfrivolous.” (Maj. Op. at 962.) This is not “a situation where a judge failed to address an argument that was so weak as .not to merit discussion.” United States v. Poulin, 745 F.3d 796, 801 (7th Cir. 2014) (internal quotation marks omitted). Indeed, we have characterized such arguments against § 2G2.2 as “quite forceful.” United States v. Regan, 627 F.3d 1348, 1354 (10th Cir. 2010). And district courts have been cautioned to “carefully apply” § 2G2.2. See United States v. Grigsby, 749 F.3d 908, 911 (10th Cir. 2014).
Yet, the district court did not respond to Defendant’s arguments that § 2G2.2 reflects an unsound judgment. Though the court said its sentence was based on Defendant’s criminal history and the nature of the offense, this does not explain why the district court rejected Defendant’s policy argument. The district court also mentioned one policy critique of § 2G.2.2— noting “there’s not much in the way of uniformity” (R. Yol. Ill at 41) — but this was not an argument raised by Defendant. In fact, Defendant argued precisely the opposite — that § 2G2.2 sentences are too similar.
It is true, as the majority points out, that a district court does not need to “respond to every argument for leniency that it rejects in arriving at a reasonable sentence.” Sanchez-Leon, 764 F.3d at 1266 (emphasis added). That is the rule for the mine run of cases. In the typical case, it makes perfect sense not to require the district court to address every, argument for leniency because there is practically no limit to the number of arguments a party could make regarding the “nature and circumstances of the offense” or the “history and characteristics of the defendant.” See 18 U.S.C. § 3553(a)(1). Every sentencing transcript would read like a Capote novel.
But policy critiques of the Guidelines are different and deserve more attention. See Rita, 551 U.S. at 357, 127 S.Ct. 2456. For starters, there are only so many nonfrivo-lous policy arguments that a party can make. Second, it is the difference between arguing about a starting point and an end point. The Guidelines anchor a sentencing: the district court sets the Guidelines range — the starting point — at the outset, and then the parties argue whether the facts and circumstances of the case call for a different endpoint. By contrast, challenging the Guidelines themselves is more like rejecting the starting point. If the applicable Guidelines do not reflect a sound judgment, it stands to reason that they should not anchor the sentencing. And because the anchoring effect of the Guidelines is so strong (as it was intended to be), a winning policy argument would have an outsized effect on the sentencing proceedings.
In my opinion, the majority has not required enough of the district court. Because Defendant presented' nonfrivolous arguments that the Guidelines reflect an unsound judgment, I believe the district court should have responded and more fully explained its decision. See Rita, 551 U.S. at 356-57, 127 S.Ct. 2456; see also Poulin, 745 F.3d at 801 (holding that the district court was “required to consider [a policy argument against § 2G2.2] and then provide reasons explaining his acceptance *968 or rejection of it”). The district court did not do that. After obliquely referring to Defendant’s sentencing memorandum at the start of the proceeding, the sentencing judge never returned to the matter to explain his decision to reject Defendant’s policy arguments. All we know is that he did reject it. Accordingly, I believe the district court procedurally erred.
I also write separately to question the wisdom of applying the “reasonableness” presumption to within-Guidelines sentences “regardless of [a particular Guideline’s] alleged lack of empirical support.” United States v. Franklin, 785 F.3d 1365, 1370 (10th Cir.), cert. denied, — U.S. —136 S.Ct. 523, 193 L.Ed.2d 412 (2015). The majority correctly recognizes that this circuit presumes the substantive reasonableness of within-Guideline sentences “even if the Guideline at issue arguably contains serious flaws or otherwise lacks an empirical basis.” (Maj. Op. at 964 (internal quotation marks, brackets, and emphasis omitted).) This presumption is important for a number of reasons, not the least of which is that it lowers the bar for how much we will require a sentencing court to say.
The Supreme Court has upheld our appellate presumption-of-reasonableness standard of review “because ‘when the judge’s discretionary decision accords with the Commission’s view of the appropriate application of § 3553(a) in the mine run of cases, it is probable that the sentence is reasonable.’” United States v. McBride, 633 F.3d 1229, 1232-33 (10th Cir. 2011) (quoting Rita, 551 U.S. at 351, 127 S.Ct. 2456). The reasonableness presumption on appellate review “reflects the fact that, by the time an appeals court is considering a •within-Guidelines sentence on review, both the sentencing judge and the Sentencing Commission will have reached the same conclusion as to the proper sentence in the particular case.” Rita, 551 U.S. at 347, 127 S.Ct. 2456 (emphasis omitted). It is this “double determination” that “significantly increases the likelihood that the sentence is a reasonable one.” Id.
But § 2G2.2 “is fundamentally different from most [guideline provisions].” United States v. Dorvee, 616 F.3d 174, 184 (2d Cir. 2010). “Sentencing Guidelines are typically developed by the Sentencing Commission using an empirical approach based on data about past sentencing practices.” Id. When it comes to § 2G2.2, however, “the Commission did not use this empirical approach.” Id. “Instead, at the direction of Congress, the Sentencing Commission has amended the Guidelines under § 2G2.2 several times since their introduction in 1987, each time recommending harsher penalties.” Id. What’s more, even “[t]he Commission has often openly opposed these Congressionally directed changes.” Id. at 185; .see also Grigsby, 749 F.3d at 911 (noting that the Commission has “essentially endorsed the Second Circuit’s view of § 2G2.2”).
The reasonableness presumption also “reflects the nature of the Guidelines-writing task that Congress set for the Commission and the manner in which the Commission carried out that task.” Rita, 551 U.S. at 347, 127 S.Ct. 2456. “In instructing both the sentencing judge and the Commission what to do, Congress referred to the basic sentencing objectives that the statute sets forth in 18 U.S.C. § 3553(a).” Id. But, again, § 2G2.2 is “an eccentric Guideline of highly unusual provenance.” Dorvee, 616 F.3d at 188. The Commission did not carry out its Guidelines-writing task in accordance with § 3553(a)’s sentencing objectives. See id. at 187. Indeed, § 2G2.2 “is fundamentally incompatible with § 3553(a)”; because it “concentrates] all offenders at or near the statutory maxi *969 mum, § 2G2.2 eviscerates the fundamental statutory requirement in § 3553(a).” Id.
When, as here, there is no “double determination” — when the sentencing judge and Sentencing Commission do not agree — when the Guidelines do not reflect § 3553(a)’s sentencing objectives — we should not presume the sentence’s reasonableness, even if it falls within the Guidelines. In such cases, I believe, we should require the district court to provide more of an explanation, not less. Cf. Rita, 551 U.S. at 357, 127 S.Ct. 2456 (recognizing that when a defendant “argues that the Guidelines reflect an unsound judgment, ... the judge will normally go further and explain why.he has rejected those arguments”). But that is not the rule in this circuit, see Franklin, 785 F.3d at 1370, and the majority faithfully adhered to this binding precedent, as we must.
*
Even though I believe the district court erred, I concur in the judgment because I believe that Defendant cannot overcome plain-error review. Because Defendant failed to object to the procedural error in the district court, we must review the sentence for plain error. This is a “demanding standard” that is “difficult to overcome.” United States v. Rosales-Miranda, 755 F.3d 1253, 1258 (10th Cir. 2014). Defendant “must demonstrate (1) an error, (2) that is plain, which means clear or obvious under current law, and (3) that affects substantial rights,” and the error must “seriously affect[] the fairness, integrity, or public reputation of judicial proceedings” in order for the court to grant discretionary relief. Id.
Here, Defendant has not established that the error affected his substantial rights. “An error seriously affects the defendant’s substantial rights, as those terms are used in the plain-error test, when the defendant demonstrates that there is a reasonable probability that, but for the error claimed, the result of the proceeding would have been different.” Id. (internal quotation marks omitted). “A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Id.
On appeal, Defendant essentially rehashes his § 3553(a) arguments from below. He presents the bad with the good, and argues that “the district court’s express consideration” of his policy argument “would have tipped the balance toward a more lenient sentence.” (Appellant’s Op. Br. at 26.) But there is nothing in the record to suggest that the district court was reluctant to impose the sentence that it did. To the contrary, it imposed a middle-of-the-Guidelines sentence, and it discussed Defendant’s criminal history and the personal nature of some of the shared images. Defendant also argues that “the district court signaled in its Statement of Reasons that it would impose a different sentence in the event of a guideline error, by declining to check the box indicating that it would impose an identical sentence in that event.” (Id. at 27.) But, more accurately, this box, if checked, states that the court would impose an identical sentence “[i]n the event the guideline determination(s) made in this case are found to be incorrect.” (R. Vol. II at 48.) That is not what happened here — although I believe the district court erred by not addressing Defendant’s policy arguments, its “guideline determinations” as such were not incorrect.
Because I agree with the majority that Defendant cannot overcome plain-error review, I concur in the judgment.