# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-41159

United States Court of Appeals
Fifth Circuit

**FILED**

March 31, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

JASON MICHAEL EHRET,

> Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:16-CR-801-1

Before JOLLY, JONES, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Jason Michael Ehret appeals his sentence for possession of child pornography, contending that two of his sentence enhancements are inapplicable and that certain aspects of his supervised release are unreasonable. We find his challenges either waived or otherwise unsuccessful and AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-41159

## BACKGROUND

Pursuant to a written plea agreement, Jason Michael Ehret pled guilty to one count of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  In January 2017, Ehret was sentenced to 87 months in prison, a lifetime term of supervised release, and a $10,000 fine.  Ehret did not file a direct appeal.

In February 2018, Ehret filed a pro se 28 U.S.C. § 2255 motion, seeking vacatur of his sentence on the ground that he had, in several ways, received ineffective assistance of counsel at sentencing.  The district court determined that counsel had in fact rendered ineffective assistance in advising Ehret not to appeal.  The district court dismissed Ehret's § 2255 motion without prejudice and ordered that the original criminal judgment be reentered so that Ehret could proceed with an out-of-time appeal.  Ehret filed a timely notice of appeal from the reentered judgment.

## STANDARD OF REVIEW

"This court reviews a sentencing decision for reasonableness using a two-step process.  First, the court determines whether the district court committed any significant procedural error.  Under the first step, this court reviews 'the district court's interpretation or application of the sentencing guidelines *de novo,* and its factual findings for clear error.'  If there is no procedural error or the error is harmless, this court then reviews the substantive reasonableness of the sentence imposed for abuse of discretion."  *United States v. Groce*, 784 F.3d 291, 294 (5th Cir. 2015) (citations omitted).  In sentencing as elsewhere, however, "[f]orfeited errors are reviewed under the plain error standard; waived errors are entirely unreviewable."  *See United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006).

No. 18-41159

## DISCUSSION

On appeal, Ehret contests the application of two sentence enhancements. He also faults the duration, and certain conditions, of his supervised release. These challenges are unsuccessful.

### I. Sentence Enhancements

At the time of Ehret's sentencing, as at present, the Sentencing Guidelines stated, regarding offenses under 18 U.S.C. § 2252A(a)(5):

> If the offense involved material that portrays . . . sadistic or masochistic conduct or other depictions of violence . . . increase by 4 levels.

U.S. Sentencing Guidelines Manual § 2G2.2(b)(4) (U.S. Sentencing Comm'n 2016).

> If the defendant knowingly engaged in distribution, . . . increase by 2 levels.

*Id.* § 2G2.2(b)(3)(F).

The presentence report recommended these enhancements, among others. At sentencing, Ehret objected to them, but then withdrew his objections. Now, he challenges both enhancements on appeal, but the government responds that he has waived his right to appeal on these bases. We agree with the government.

This court has held, "By abandoning [an] objection to [a] sentencing enhancement, [a defendant] waive[s] his right to appeal on this basis." *United States v. Conn*, 657 F.3d 280, 286 (5th Cir. 2011). The government contends that this principle clearly applies to Ehret's sentencing objections. Ehret counters, unpersuasively, that two exceptions protect him against the waiver doctrine.

Ehret contends first that his waiver was "not entirely voluntary." He maintains that he withdrew his objections to the relevant sentence enhancements "based on the sentencing court's statements that pursuing these

3

objections would result in [his] losing any reduction in offense level for acceptance of responsibility" under Guidelines section 3E1.1.[1]    Yet the sentencing court's first statement about acceptance of responsibility came only after Ehret's counsel withdrew the objection to the masochism-related enhancement.[2]    And Ehret did not withdraw his objection to the knowing-distribution enhancement immediately following that statement.  Instead, his counsel withdrew the objection after a witness—on whose report counsel had relied in denying that Ehret knowingly shared or deliberately saved child pornography—abandoned a previous statement that Ehret had inadvertently downloaded child pornography.  In this light, counsel seems to have withdrawn objections to the relevant enhancements because he thought he could not substantiate them, not because of the sentencing court's statements.[3]

---

[1] That provision states:

**§3E1.1.    Acceptance of Responsibility**

(a)    If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by **2** levels.

(b)    If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level **16** or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by **1** additional level.

[2] Ehret also points to comments made by the court at re-arraignment, and these, too, he might characterize as "statements that pursuing these objections would result in appellant losing any reduction in offense level for acceptance of responsibility."  Even accepting that characterization arguendo, however, these comments came at re-arraignment, before the initial and final presentence reports, and well before the sentencing hearing.  They could not have been reasonably taken to be the court's final position on sentencing, and Ehret did not so take them, for he raised a written objection to the masochism-related enhancement two months after re-arraignment.

[3] In any event, the record supports that the sentencing court meant to deny the acceptance-of-responsibility reduction, if at all, on the ground that Ehret was falsely denying relevant conduct that the court had determined to be true.  That was a permissible ground

No. 18-41159

Ehret's second argument against application of the waiver doctrine points to developments in law occurring after his sentencing. Regarding the masochistic-conduct enhancement, Ehret notes *United States v. Nesmith*, characterizing its holding as "this enhancement should only apply when contemporaneous violence to the child was depicted on the video." Regarding the knowing-distribution enhancement, Ehret suggests that *United States v. Lawrence* first recognized a new knowledge requirement for this enhancement. Contending that he "could not waive a future change in the law," Ehret maintains that he did not waive his arguments from *Nesmith* and *Lawrence*.

It is doubtful that a defendant cannot waive appeals of sentencing enhancements based on future developments in law. *See United States v. Barnes*, No. 18-60497, 2020 WL 1332927, at *2–4 (5th Cir. Mar. 23, 2020). Either way, though, Ehret's argument fails. Neither *Nesmith* nor *Lawrence* changed the law in a way relevant to Ehret's case.

In *Nesmith*, the court held that, for purposes of Guidelines section 2G2.2(b)(4), "an image portrays sadistic conduct where it depicts conduct that an objective observer would perceive as causing the victim in the image physical or emotional pain contemporaneously with the image's creation." 866 F.3d 677, 681 (5th Cir. 2017).[4] Ehret contends that the court in his case applied the sentence enhancement because an objective observer would perceive it as causing the victim emotional pain in the future. He suggests

---

for denial of the reduction. Guidelines, § 3E1.1 cmt. n.1(a) ("a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility"). A defendant who acts in response to a court's intention to deny a sentence reduction on a permissible ground does not act involuntarily.

[4] *Nesmith* does not distinguish between depiction of pain-causing conduct toward oneself (masochism) and depiction of pain-causing conduct toward others (sadism). Consequently, although it refers to "sadistic conduct," its holding may be taken to apply equally to masochistic conduct.

5

that, if *Nesmith* had existed at the time of sentencing, he would have objected based on its holding rather than withdrawing his objection. In fact, though, the record supports that the court applied the sentence enhancement because the conduct portrayed would be perceived as causing the child contemporaneous emotional pain. Thus, *Nesmith*'s holding would have been no help to Ehret, and its nonexistence at the time of Ehret's sentencing does not invalidate his waiver.[5]

There is even less reason to think that *Lawrence* would have affected Ehret's decision to withdraw his objection. In *Lawrence*, the court merely applied the knowledge requirement of Guidelines section 2G2.2(b)(3)(F), which went into effect two months before Ehret's sentencing. *See* 920 F.3d 331 (5th Cir. 2019). Ehret's counsel highlighted this very change in the law while objecting to the presentence report's recommendation of the enhancement, and in no way did Ehret link his withdrawal of that objection to the court's unawareness of the knowledge requirement. Later application of that requirement in *Lawrence* is no reason to invalidate Ehret's waiver.[6]

---

[5] If Ehret had not waived appeal of this issue, then the issue would receive plain-error review. *See Arviso-Mata*, 442 F.3d at 384. Under that standard, a defendant must show an error that is plain, *United States v. Castillo-Estevez*, 597 F.3d 238, 240 (5th Cir. 2010), and in this circuit, precedent supports that sexual penetration of a child is, by law, sadistic conduct, *e.g., United States v. Lyckman*, 235 F.3d 234, 237–40 (5th Cir. 2000); *United States v. Canada*, 110 F.3d 260, 264 & n.5 (5th Cir. 1997). It reasonably follows that sexual penetration of a child by herself would be masochistic conduct. Accordingly, it was not plainly erroneous for the district court to conclude that Ehret's possession of a video portraying sexual self-penetration of a prepubescent girl, was an "offense involv[ing] material that portrays . . . masochistic conduct," Guidelines § 2G2.2(b)(4). Even if not waived, then, Ehret's appeal would have failed.

[6] Here again, if not waived, Ehret's appeal would receive plain-error review. *See Arviso-Mata*, 442 F.3d at 384. Ehret alleges that the court was unaware of the knowledge requirement for the distribution enhancement and that Ehret lacked such knowledge. At sentencing, though, the court adopted the presentence report, and noted that "now [Ehret] admits that he knew he was distributing." In that light, the first allegation fails.

To the second allegation, Ehret admitted that he searched for and installed BitTorrent. The installation of BitTorrent requires agreement by the installer (by clicking "I

No. 18-41159

Because Ehret fails to establish an applicable exception, his waiver prevents our review of his sentence-enhancement challenges.

## II. Supervised Release

In addition to contesting his sentence enhancements, Ehret also faults his supervised release. First, he challenges the reasonableness of its duration. Second, he denies the reasonableness of some of its conditions. Ehret failed to raise these challenges at sentencing, and thus he must "show (1) error (2) that is plain and (3) that affects his substantial rights." *United States v. Castillo-Estevez*, 597 F.3d 238, 240 (5th Cir. 2010). Then, this court will correct any such errors "only if they seriously affect the fairness, integrity, or public reputation of judicial proceedings." *Id.*

### A. Duration

The district court imposed on Ehret a lifetime term of supervised release, which he challenges, first, as inadequately explained. He alleges that there was inadequate explanation of why a maximum supervised release was imposed while a minimum prison sentence was imposed and that there was no explanation of why a lesser term was not imposed. The court, however, explained that it was determining the sentence based on the sentencing factors in 18 U.S.C. § 3553, including deterrence of future criminal conduct and, "first and foremost," protection of the public. In this circuit, "little explanation is

---

accept,") of a section stating, "Your use of the Software to download files will, in turn, enable other users to download pieces of those files from you . . . . You consent to others' use of your network connection to download portions of such files from you." Even before Ehret withdrew his objection, he did not deny clicking, "I accept," nor did he deny knowing that his use of BitTorrent enabled him to share files. Instead, he denied knowingly "distributing" files and denied knowing whether he signed the BitTorrent agreement. After withdrawing his objection, he admitted knowing, at least then, that BitTorrent is a file-sharing program, that it enabled him to share files, and that he made files available to others. Finally, Ehret's counsel stated, and Ehret himself confirmed, that they had agreed that it "wouldn't be genuine" to continue to object to the distribution enhancement. Based on this evidence, the court plausibly found that Ehret knowingly distributed child pornography. The court did not plainly err, and if Ehret had not waived his appeal on this issue, it would have failed.

required" for a within-Guidelines sentence, *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005), and the court provided some explanation.  Moreover, it gave no reason to doubt that it had carefully considered all mitigation arguments.  *Cf. United States v. Poulin*, 745 F.3d 796, 801 (7th Cir. 2014) ("The judge here explicitly stated that he did not know the exact context of [the defendant's] argument . . . .").  The court's procedure was not significantly erroneous.

Ehret challenges the lifetime term substantively, too, as excessive.  Yet in *United States v. Scott*, this court held that "a lifetime duration of supervised release is not, itself, plainly erroneous" where "the Guidelines recommend it, and there is no indication that the district court 'impos[ed] that recommended term blindly and without careful consideration of the specific facts and circumstances of the case before it.'"  821 F.3d 562, 572 n.7 (5th Cir. 2016) (alteration in original) (quoting *United States v. Alvarado*, 691 F.3d 592, 598 n.2 (5th Cir. 2012)).  In this case, the Guidelines recommended a lifetime term, *see* Guidelines § 5D1.2(b)(2) & cmt. n.1, and there is no indication of blind, careless imposition by the court.  In *Scott*, as in this case, a defendant was convicted of one count of possession of child pornography, 821 F.3d at 565, and in another case, this court affirmed the sentence of a 70-year-old defendant with no criminal history to a lifetime term of supervised release after downwardly departing from the recommended range for imprisonment, *United States v. Halverson*, 897 F.3d 645, 650 (5th Cir. 2018).  In light of these cases alone, the court did not plainly err, if at all, in imposing a lifetime term of supervised release,[7] and without plain error no reversal under plain-error review is possible.

---

[7] *United States v. Jenkins*, 854 F.3d 181 (2d Cir. 2017), on which Ehret relies, does not consider the reasonableness of a lifetime duration of supervised release in itself.

## B.  Conditions

Ehret also objects to certain conditions as unreasonable.  In particular, he opposes restrictions on his internet access, his contact with minor children, and his nighttime activities outside the home.  Ehret argues that these conditions are unreasonable because they were inadequately explained, but he offers no additional argument against the court's explanation, which is adequate for the reasons stated above.  Ehret also maintains that these conditions are overbroad, like the conditions in *United States v. Duke*, 788 F.3d 392 (5th Cir. 2015).

*Duke* is a distinct case, however.  The bans in *Duke* were absolute, whereas the bans in this case may be lifted with the written approval of Ehret's probation officer.  Because *Duke* is distinct from this case, and because Ehret relies on *Duke* alone to establish that his supervised-release conditions are overbroad, he has not shown that any error made by the court in imposing these conditions was plain.

Even if Ehret had made this showing, though, his challenge would fall for failure to show harm to the fairness, integrity, or reputation of judicial proceedings.  Ehret knew of the special conditions months in advance of sentencing, and he confirmed that he had received them, read them, and discussed them.  He failed to object at sentencing, and indeed, his argument on appeal is not robust.  This is not a case in which the government supports correcting the alleged error, *cf. Scott*, 821 F.3d at 571–72, and all the conditions that Ehret challenges are modifiable upon his release, *United States v. Prieto*, 801 F.3d 547, 553–54 (5th Cir. 2015).  This last point, in particular, "weighs heavily in our consideration," *id.* at 554, including as a "countervailing factor[] . . . satisfy[ing] . . . that the fairness, integrity, and public reputation [would] be preserved absent correction," *Rosales-Mireles v. United States*, 138 S. Ct.

No. 18-41159

1897, 1909 (2018).  For this reason, then, as well as for lack of plain error, reversal of the supervised-release conditions is unwarranted.

## CONCLUSION

The judgment of the district court is **AFFIRMED**.