In the

# United States Court of Appeals
## For the Seventh Circuit

No. 15-2780

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

RALPH SHANNON,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 06-cr-179-bbc — **Barbara B. Crabb**, *Judge.*

ARGUED FEBRUARY 16, 2017 — DECIDED MARCH 20, 2017

Before FLAUM, MANION, and KANNE, *Circuit Judges.*

FLAUM, *Circuit Judge.* Ralph Shannon appeals the imposition of a special condition of release following his 2007 conviction for possession of child pornography, 18 U.S.C. § 2252(a)(4)(B). Specifically, he argues that Special Condition 2—requiring notice to the probation office before using certain devices—is unconstitutionally vague and that the district court imposed it without adequate explanation. We affirm.

## I. Background

On April 20, 2007, Shannon pleaded guilty to one count of possessing child pornography. He had saved over 400 encrypted illicit images of children on his computers. On July 17, the district court sentenced him to forty-six months' imprisonment and supervised release for the remainder of his life. Shannon appealed his sentence, and we affirmed. *United States v. Shannon*, 518 F.3d 494, 495–97 (7th Cir. 2008).

On August 20, 2010, Shannon finished his term of imprisonment and began supervised release. Since that date, appellant has participated in several hearings to modify the conditions of his release. On November 28, 2011, the district court found that Shannon had violated the terms of those conditions by possessing a web camera without previously notifying his probation officer, and sentenced Shannon to twenty-eight days of incarceration. Shannon appealed, and we vacated one of the conditions of his supervised release, leaving the remainder intact. *United States v. Shannon*, 743 F.3d 496, 503 (7th Cir. 2014).

In April and May 2015, the probation office notified the district court that appellant had temporarily uninstalled the monitoring software on his computer, viewed legal adult pornography, encrypted digital files, possessed external storage devices, and installed "scrubbing" software. As a result of these reports, the district court conducted a revocation hearing on July 30, 2015. Though the district court found that Shannon had indeed used encryption, external storage devices, and scrubbing software, and found that Shannon was not particularly compliant with his release conditions, the court declined to revoke his supervised release.

At the July 30 revocation hearing, Shannon objected to his conditions of supervised release. Accordingly, the court scheduled a modification hearing for August 5, 2015. The parties disputed the proper wording of Amended Special Condition 2, the purpose of which was to require appellant to give notice to the probation office before using certain electronic devices. (On appeal, Shannon does not challenge the imposition of any other conditions of supervised release.) Ultimately, the district court imposed the following condition over Shannon's objection:

> Defendant shall provide the supervising U.S. probation officer advance notification of any devices associated with or falling within the general category of information technology (IT) that produce, manipulate, store, communicate or disseminate information and that he will use during the term of supervision. The probation office is authorized to install any application as necessary on any such devices owned or operated by defendant and shall randomly monitor those media. Defendant shall consent to and cooperate with unannounced examinations of any technological equipment owned or used by him, including but not limited to retrieval and copying of all data from all information technology devices and any internal or external peripherals. The examinations may involve removal of such equipment for the purpose of conducting examination.

The court reasoned that Special Condition 2 was "related to the offense of conviction which involves the sexual exploitation of minors from a computer in [Shannon's] home and will protect the public. [Shannon's] demonstrated non-compliance with external storage devices indicates he is at a continued risk to reoffend." The same day, the court entered an order reflecting the new conditions, including Special Condition 2. The order stated that Shannon's "demonstrated non-compliant behavior requires the continuation of his life term of supervision to protect the public, to promote rehabilitation and to achieve parity with the terms of supervised release imposed in the cases of similarly situated defendants who, like defendant, were convicted of offenses involving possession of hundreds of images of child pornography." This appeal followed.

## II. Discussion

This Court reviews the imposition of an objected-to condition of supervised release for abuse of discretion. *United States v. Armour*, 804 F.3d 859, 867 (7th Cir. 2015) (citing *United States v. Kappes*, 782 F.3d 828, 844 (7th Cir. 2015)). The constitutionality of a condition of release is a legal determination that we review de novo. *Cf. United States v. Mosley*, 759 F.3d 664, 667 (7th Cir. 2014) (we review de novo constitutional arguments for revocation of supervised release) (citation omitted). Finally, we review de novo whether the district court adequately explained a chosen condition of supervised release. *See Armour*, 804 F.3d at 867–68 (citations omitted); *Kappes*, 782 F.3d at 864 (citation omitted); *United States v. Poulin*, 745 F.3d 796, 800 (7th Cir. 2014) (citations omitted).

### A. Vagueness

A condition of supervised release is unconstitutionally vague if it would not provide a person of reasonable intelligence with sufficient notice as to the condition's requirements. *Armour*, 804 F.3d at 868 (quoting *United States v. Schave*, 186 F.3d 839, 843 (7th Cir. 1999)). Shannon argues that Special Condition 2, requiring "advance notification of any devices associated with or falling within the general category of information technology (IT) that produce, manipulate, store, communicate or disseminate information," is impermissibly vague because it does not sufficiently explain what devices trigger the notice requirement. For example, appellant queries whether he is required to provide advance notification before purchasing a microwave. However, the scope of the "devices" that trigger the notification requirement is circumscribed by the condition's two limiting clauses. Appellant need not provide notice for all devices he might use; rather, he must provide notice only for devices that satisfy both qualifying clauses: (1) The device falls within the general category of information technology or is associated with information technology, *and* (2) the device produces, manipulates, stores, communicates, or disseminates information. This limiting language provides adequate notice of the condition's requirements. And these qualifications clearly exclude things like microwaves, which are simply household appliances, not information technology, and which do not deal with information under any plausible reading of the condition.

Shannon's concern is further allayed by the nature of the condition itself. Special Condition 2 is not an outright prohibition against using "devices." Rather, it is a notice require-

ment. Thus, if appellant truly is unsure about whether a particular device will trigger the notice requirement, he can satisfy any potential obligation simply by notifying the probation office. Shannon is at little risk of suffering from the vagueness doctrine's principal concern: unknowingly running afoul of a legal requirement.

Shannon next argues that the district court should have employed his alternative wording for Special Condition 2. At the modification hearing, appellant advocated for a condition that required notice for "devices able to obtain, store or transmit illicit sexual depictions or illicit sexual information." He argued that such a condition would be similar to a condition approved by the Second Circuit in *United States v. Balon*, 384 F.3d 38 (2d Cir. 2004).[1] However, the district court declined to adopt that language, and appellant provides no authority to support an argument that the rejected language bears on whether the condition ultimately adopted is unconstitutionally vague. Rather, courts' vagueness assessments are grounded in the language of operative conditions, not in conditions that have never come into force. *Cf. Armour*, 804 F.3d 868–70 (assessing the vagueness of the actual conditions of release imposed).

Relatedly, Shannon claims that Special Condition 2 is overbroad. "[I]mposed conditions 'cannot involve a greater deprivation of liberty than is reasonably necessary to achieve the goals of deterrence, incapacitation, and rehabilitation.'"

---

[1] The language Shannon proposed at the hearing was not similar to the *Balon* condition. The condition approved in *Balon* read, "The defendant must provide … notification of any computer(s), automated service(s), or connected device(s) that he will use during the term of supervision." 384 F.3d at 41.

*United States v. Warren*, 843 F.3d 275, 281 (7th Cir. 2016) (quoting *United States v. Goodwin*, 717 F.3d 511, 522 (7th Cir. 2013)). Special Condition 2, which simply requires notifying the probation office before using certain devices, is not broader than is reasonably necessary in light of Shannon's crime of conviction, use of computer systems to obtain child pornography, subsequent use of external storage, and the district court's stated concern that Shannon is "at a continued risk to reoffend." Such underlying facts justify a condition encompassing a range of devices, and Shannon has not shown that the condition as written sweeps in more than what is reasonably necessary in these circumstances.

## B. Adequate Explanation

Appellant next argues that the district court imposed Special Condition 2 without adequately explaining the need for that condition. Conditions of release are part of a defendant's sentence. *United States v. Thompson*, 777 F.3d 368, 373 (7th Cir. 2015). It follows that the district court must apply several of the factors found in 18 U.S.C. § 3553(a) in assessing "the propriety of any conditions of supervised release that the judge is thinking of imposing." *Id*. (citing *United States v. Booker*, 543 U.S. 220 (2005)); 18 U.S.C. § 3583(c). The court must provide an explanation for its decision that shows that it "has given meaningful consideration to the 3553(a) factors and the parties' arguments" in determining the proper sentence. *Kappes*, 782 F.3d at 864.

After imposing Special Condition 2, the district court stated that this condition was "related to the offense of conviction which involves the sexual exploitation of minors from a computer in his home and will protect the public. His

demonstrated noncompliance with external storage devices indicates he's at a continued risk to reoffend."

Shannon principally argues that the condition lacks justification because it is substantially broader than would be needed to address the district court's stated concerns.[2] We disagree. At the time it imposed Special Condition 2, the district court was aware that Shannon had been convicted for saving over 400 encrypted images of child pornography. After his release from prison, he had continued to use encryption, external storage devices, and scrubbing software, all of which make tracking his access to illicit images more difficult. The district court acted reasonably in concluding that Shannon had "not [been] particularly compliant," was playing games with respect to his conditions of supervised release, and was at risk of reoffending. Such evasive behavior—which the district court referenced during the August 2015 hearing—coupled with the court's stated concerns of protecting the public and preventing misuse of external storage devices, justified the imposition of the notice condition; and the court adequately explained its reasons for imposing that condition.[3]

---

[2] Shannon also argues that Special Condition 2 is unnecessarily broad compared to his proposed alternatives, and that the difference between the reaches of the respective conditions lacks justification. He states in his brief that he "was willing to agree to" language similar to that of the *Balon* case. However, the test for sufficient justification does not depend on a defendant's willingness to submit to the challenged condition relative to alternatives. For reasons similar to those mentioned above, the existence of proposed alternative conditions does not bear on whether the operative condition was adequately justified.

[3] Shannon also briefly argues that "the court inappropriately wanted to 'achieve parity among other offenders' convicted of similar crimes," and that such a concern "is not one of the considerations when imposing

### III. Conclusion

For the foregoing reasons, we AFFIRM the order of the district court.

---

a condition of supervised release." On the contrary, the district court was required to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," in fashioning Shannon's conditions of release. 18 U.S.C. § 3553(a)(6). The district court's consideration of parity satisfied that requirement.