FILED
United States Court of Appeals
Tenth Circuit

April 17, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BOBBY BURGHART,

    Defendant - Appellant.

No. 19-6170
(D.C. No. 5:19-CV-00567-HE &
5:13-CR-00281-HE-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.
_____

Federal prisoner Bobby Burghart, proceeding pro se,[1] moved in district court

under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  The court dismissed

the motion as untimely filed.  Mr. Burghart seeks a certificate of appealability ("COA")

to challenge this ruling.  *See* 28 U.S.C. § 2253(c)(1)(B) (requiring a COA to appeal an

order denying a § 2255 motion).  He also requests leave to proceed *in forma pauperis*

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value.  *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] Because Mr. Burghart is proceeding pro se, we construe his filings liberally,
but we do not act as his advocate.  *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th
Cir. 2008).

("*ifp*").  Exercising jurisdiction under 28 U.S.C. § 1291, we deny a COA, deny the *ifp*

request, and dismiss this matter.

## I.  **BACKGROUND**

### A.  *Filing Deadlines for § 2255 Motions*

Section 2255(f) provides:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### B.  *Procedural History*

On January 29, 2014, Mr. Burghart pled guilty to possession of child pornography

and was sentenced to 151 months in prison followed by five years of supervised release.

ROA, Vol. II at 16-40, 43-50.  He did not appeal.  The district court entered judgment on

June 13, 2014, and the judgment of conviction became final on June 27, 2014.  *See*

2

*United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006) ("If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal."); Fed. R. App. P. 4(b)(1)(A)(i). Under § 2255(f)(1), he needed to file his § 2255 motion by June 27, 2015.

On June 20, 2019, almost four years past the deadline, he filed his § 2255 motion. ROA, Vol. II at 51-67. The Government moved to dismiss the motion as untimely. *Id.* at 160-62. Mr. Burghart failed to timely respond, and the district court granted the motion to dismiss. *Id.* at 163-65. Mr. Burghart moved for reconsideration, claiming he never received the Government's motion to dismiss. *Id.* at 166-67. The court granted the motion to reconsider. *Id.* at 170.

Mr. Burghart then filed a response. *Id.* at 171-90. He argued that § 2255(f)(4) applied because in mid-September 2017, he discovered *Doe v. Snyder*, 834 F.3d 696 (6th Cir. 2016), showing that certain aspects of his sentence were unconstitutional. *Id.* at 172, 174. Even if § 2255(f)(4) applied in this way, his § 2255 would still be untimely, so he also requested equitable tolling from April 2018 to June 2019 due to "extraordinary circumstances." *Id.* at 175. The district court again granted the Government's motion to dismiss, holding that the § 2255 motion was time-barred. *Id.* at 191-93.

The district court said that "[§] 2254(d) does not apply in this case" because it "is expressly limited to cases where the facts, not the law, are newly discovered." *Id.* at 192. It said that Mr. Burghart "does not identify any facts that he could not have discovered prior to June 27, 2015," *id.* at 192-93, the one-year deadline to file his § 2255 motion.

3

The court said that "he points only to case law that he did not discover until September 2017." *Id.* at 193.

The district court further concluded that "[e]quitable tolling from April 2018 to June 2019 does not save [Mr. Burghart's] motion from being time-barred as the statute of limitations expired well before April 2018." *Id.*

The district court dismissed the § 2255 motion and denied a COA. *Id.* at 190-93, 196.

## II. **DISCUSSION**

### A. *COA Requirement and Standard of Review*

Mr. Burghart may not appeal the district court's denial of his § 2255 motion without a COA. 28 U.S.C. § 2253(c)(1)(B); *see United States v. Gonzalez*, 596 F.3d 1228, 1241 (10th Cir. 2010). To obtain a COA, he must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and show "that reasonable jurists could debate whether . . . the petition[s] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

### B. *Analysis*

In his combined brief and application for a COA, Mr. Burghart argues the district court erred in its § 2255(f)(4) analysis because he "was attempting to show newly discovered fact(s)." Aplt. Br. at 3. He states that he "discovered the fact that his supervised release conditions were unconstitutional as appl[ied] to him." *Id.* He

4

claims that he discovered the Sixth Circuit's decision in *Snyder* on October 1, 2017.[2]

Aplt. Br. at 2B, 2D. He then argues that this discovery meant his limitations period

under § 2255(f)(4) should have been October 1, 2017 to October 1, 2018. *Id.* at 2D.

Because he did not file his § 2255 motion until June 20, 2019, he continues to argue

that "extraordinary circumstances beyond his control stood in his way" of filing

sooner, so he deserves equitable tolling of the October 1, 2018 deadline to enable his

habeas request to proceed. *Id.* at 2D-E, 3D, 4C, 4E.

Mr. Burghart has not shown that reasonable jurists could debate the

reasonableness of the district court's dismissal order. His determination that, based

on *Doe v. Snyder*, his supervised release conditions were unconstitutionally applied

to him is a legal conclusion, not a factual discovery. That is why "[w]e review

constitutional challenges to a sentence de novo," *United States v. Angelos*, 433 F.3d

738, 754 (10th Cir. 2006); *United States v. Jones*, 213 F.3d 1253, 1261 (10th Cir.

2000) (same), including constitutional challenges to supervised release conditions,

*see United States v. Cabral*, 926 F.3d 687, 697 (10th Cir. 2019) (reviewing

constitutional challenge to supervised release conditions de novo); *see also United

States v. Shannon*, 851 F.3d 740, 743 (7th Cir. 2017) (whether a supervised release

condition violates the Constitution is reviewed de novo as a legal issue); *United

States v. Perrin*, 926 F.3d 1044, 1045 (8th Cir. 2019) (same); *United States v.*

---

[2] In his response to the Government's motion to dismiss, Mr. Burghart said he discovered *Doe v. Snyder* "in the middle of September 2017." ROA, Vol. II at 174. This varies from the October 1, 2017 date in his brief on appeal, Aplt. Br. at 2D, but this difference does not affect our analysis or the outcome of this matter.

*Aquino*, 794 F.3d 1033, 1036 (9th Cir. 2015) (same). In short, he did not discover any new facts.

The district court not only properly concluded that the one-year statute of limitations expired on June 27, 2015, it also indisputably determined that Mr. Burghart's request for equitable tolling from April 2018 to June 2019 cannot rescue his § 2255 motion from being time-barred because the limitations period ended almost three years before April 2018.

## III. **CONCLUSION**

We deny Mr. Burghart's request for a COA and dismiss this matter. Because he has failed to show the "existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised," *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012) (quotations omitted), we deny his motion to proceed *ifp*.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge